MISSOURI, KANSAS & TEXAS RAILWAY COMPANY v. GODAIR COMMISSION COMPANY.

Decided May 3, 1905.

**1.—Jurisdiction—Suits Between Nonresidents.**

It is within the discretion of the courts of this State to entertain jurisdiction over transitory actions between nonresidents, on causes of action originating beyond the State, and where by the exercise of such jurisdiction the defendant is deprived of no valuable right he can not complain.

**2.—Contracts Limiting Time for Suit—Law of Forum.**

A contract limiting the time within which actions shall be brought against a carrier, though made in a State where such contracts were not prohibited, relates only to the remedy, and is governed by the law of the forum when suit is brought in this State, where such contracts are prohibited.

**3.—Contracts Limiting Liability—Reasonableness—Burden of Proof.**

Though the law of the place of contract did not prohibit an agreement with a carrier limiting the time within which suit should be brought to ninety days, the burden was on the carrier to show that such limitation was reasonable.

**4.—Limitation of Time to Sue—Waiver.**

Evidence considered and held to tend to show a waiver by defendant of the limitation by contract of the time within which plaintiff must sue.

Appeal from the District Court of Grayson County. Tried below before Hon. B. L. Jones.

*T. S. Miller, C. H. Smith* and *A. L. Beaty,* for appellant.—All parties

being nonresidents and the injuries complained of having occurred outside of the State the courts of Texas are not bound to entertain jurisdiction. Mexican Nat. Ry. Co. v. Jackson, 89 Texas, 107; Great Western Ry. Co. v. Miller, 19 Mich., 315.

Whenever such facts appear and it is shown that to require the defendant to litigate here would deprive it of some valuable right, either of substance or procedure, it is the duty of the court to decline to hear the cause. Mexican Nat. Ry. Co. v. Jackson, 89 Texas, 107; Great Western Ry. Co. v. Miller, 19 Mich., 315.

The courts of Texas are powerless to enforce that clause in these contracts requiring suit to be brought, if at all, within ninety days after the happening of the injury and, therefore, to entertain jurisdiction would be to deprive the defendant of a valuable right. Rev. Stats. of Texas, art. 3378; Western U. Tel. Co. v. Lovely, 52 S. W. Rep., 563.

There was no sufficient evidence to show that the stipulation limiting the time for bringing suits to ninety days was unreasonable.

There was no sufficient evidence of waiver. When the claims were filed on the 14th of August, 1903, the company's agent acknowledged receipt on cards giving the claim number, stating that the matter would have prompt attention and requesting the claimants when writing to refer to the claim numbers. On the 8th of October the company's agent wrote as follows:

"Referring to the above numbered claims, which were filed by your company about August 18, would say that we have about concluded our investigations in these three claims. There was no unreasonable delay; in fact, the stock had a good run, and we must decline to entertain any of these claims. Furthermore, the National Live Stock Reporter of July 10, the day on which these cattle sold, shows that the markets on these steers was steady, there was no decline in the market. Please notify shippers that these claims have been declined by this company." There was no other evidence on the point.

There being no facts or circumstances that would render the stipulation unreasonable and no proof of waiver, it was error to submit these issues to the jury.

*Wolfe, Hare & Maxey,* for appellees.—(1) A citizen of another State has a constitutional right to prosecute in the courts of Texas, any suit which could be maintained by a citizen of Texas, had he the same or similar cause of action. The fact that the plaintiff or defendant or both of them are citizens of some other State would not of itself affect the jurisdiction of the courts of Texas to hear and determine a cause of action when jurisdiction of the person had been acquired. (2) A right arising under or liability imposed by either the common law or the statute may, where the action is transitory, be asserted and enforced in any court having jurisdiction of such matters and can obtain jurisdiction of the parties. (3) Liability in a transitory action may be enforced and the right of action pursued in the courts of any State which can obtain jurisdiction of the defendant, without regard to where the wrongdoer or the person injured resided, or the injury inflicted. (4) Even if, in the exercise of a sound discretion the District Court of Grayson County, Texas, could have refused to entertain juris-

diction of the case having jurisdiction of the subject matter and having acquired a jurisdiction of the parties, and having entertained jurisdiction of the case, the appellant will not be heard to complain. The question of public policy was one for the court to determine and in which the appellant had no interest. (5) The trial court having jurisdiction of the subject matter and having acquired jurisdiction of the parties could determine the rights of the parties, under the law of the place where the contract was made and had the power to enforce that clause in the contract requiring suit to be brought within ninety days after the happening of the injury; although, under the statute of Texas, such stipulation is void but valid where made. Therefore, the appellant was not deprived of any valuable right by the court in Texas entertaining jurisdiction of the case. Const. U. S., par. 4, sec. 2; Gartner v. Illinois Steel Company (Wis.), 68 N. W. Rep., 664; Reno on Nonresidents, p. 42, sec. 40; Atchison, T. & S. F. Ry. Co. v. Keller, 76 S. W. Rep., 801; St. Louis & S. F. Ry. Co. v. Smith, 79 S. W. Rep., 340; Southern Pac. Ry. Co. v. Graham, 12 Texas Civ. App., 568; Atchison, T. & S. F. Ry. Co. v. Worley, 25 S. W. Rep., 478; Herrick v. Railway Co., 31 Minn., 11; Dennick v. Railway Co., 103 U. S., 11; Northern Pac. Ry. Co. v. Babcock, 154 U. S., 190; Railway Co. v. Cox, 145 U. S., 593.

(1) For the stipulation in the written contract of shipment requiring suit to be brought within ninety days to be enforced, it must be reasonable, when considered in the light of the subject matter and the circumstances. (2) The stipulation in the written contract of shipment requiring suit to be brought within ninety days, was a matter of defense in the nature of a plea of limitation and it was incumbent upon appellant to plead the reasonableness of such stipulation, and the burden of proof rested on it to show by a preponderance of testimony that said stipulation was reasonable. (3) There being neither pleading or testimony offered on the part of appellant that the stipulation in the contracts of shipment requiring suit to be brought within ninety days was reasonable, appellee was not called on to offer testimony as to the unreasonableness of said stipulation, therefore appellant will not be heard to complain that appellee failed to show that said stipulation was unreasonable. *International & G. N. Ry. Co. v. Garrett,* 5 Texas Civ. App., 541; Fort Worth & D. C. Ry. Co. v. Greathouse, 82 Texas, 111; Missouri Pac. Ry. Co. v. Harris, 67 Texas, 167; Galveston, H. & S. A. Ry. Co. v. Williams, 25 S. W. Rep., 311, 1019; Missouri Pac. Ry. Co. v. Childress, 1 Texas Civ. App., 306; Galveston, H. & S. A. Ry. Co. v. Thompson, 23 S. W. Rep., 931.

Appellant's conduct inducing appellee to believe that the claim for damages would be paid without suit, constituted a waiver of the stipulation in the contracts of shipment requiring suit to be brought within ninety days. Galveston, H. & S. A. Ry. Co. v. Kelly, 26 S. W. Rep., 471; International & G. N. Ry. Co. v. Underwood, 62 Texas, 21; American Ac. Ins. Co. v. Norment, 18 S. W. Rep., 397; Gulf, C. & S. F. Ry. Co. v. Trawick, 80 Texas, 273.

(1) The stipulation in contracts of shipment requiring suit to be brought within ninety days, relates only to the remedy, and as to it the lex fori governs. Said stipulation is void under the statute of Texas, and the submission of same to the jury, if error, was error in favor of ap-

pellant. (2) The appellant not having plead the reasonableness of the said stipulation and having failed to offer any testimony that it was reasonable, was not entitled to have the issue submitted to the jury, hence its submission, if error, was error in favor of appellant of which it can not complain. Sanger v. Piano Co., 52 S. W. Rep., 622; Rev. Stats. of Texas, art. 3378; Western U. Tel. Co. v. Lovely, 52 S. W. Rep., 563; Herrick v. Railway Co., 31 Minn., 11.

EIDSON, Associate Justice.—The Godair Commission Company and Davis Bros. sued the Missouri, Kansas & Texas Railway Company for damages on account of delay and rough handling in transit of certain shipments of cattle. There were two suits, but by agreement they were consolidated and tried together, resulting in a verdict and judgment in favor of Godair Commission Company for $450, and Davis Bros. for $400, from which this appeal is taken.

Appellant's first assignment of error complains of the action of the court in overruling its plea in abatement and entertaining jurisdiction of this suit. Appellant's first proposition under said assignment is to the effect that all parties being nonresidents and the injuries complained of having occurred outside of the State of Texas, the courts of this State are not bound to entertain jurisdiction. The language of this proposition implies that the State courts may entertain jurisdiction of causes in which all parties are nonresidents when the injuries complained of occurred outside of the State, though they are not bound to do so. This being true, the court in this case having entertained jurisdiction, and thus determined the question of public policy in favor of entertaining jurisdiction, the appellant has no right to complain. We think it a correct proposition of law that liability in a transitory action may be enforced, and the right of action pursued in the courts of any State which can obtain jurisdiction of the defendant, without regard to where the wrongdoer or the person injured resided, or where the injury was inflicted; and it has been practically so held in the following cases: Railway Co. v. Keller, 76 S. W. Rep., 801; Railway Co. v. Smith, 79 S. W. Rep., 340; Railway Co. v. Graham, 34 S. W. Rep., 135; Railway Co. v. Worley, 25 S. W. Rep., 478. It does not appear from the pleadings or testimony in this case that the appellant was deprived of any valuable right by the court below entertaining jurisdiction of this case.

Appellant operates a line of railroad extending into Grayson County, Texas, and has a local agent representing it and residing in said county. The injuries for which damages are claimed occurred while appellees' cattle were being transported over appellant's road from a point in the Indian Territory to East St. Louis, Ill. The contracts under which the cattle were shipped stipulated that no suit should be brought after the lapse of ninety days from the date of the injuries upon which the action was based. It was agreed that in the Indian Territory where the contracts were made there was no statute rendering such stipulation invalid.

In our opinion the stipulation in contracts limiting the time within which suits shall be brought to ninety days, relates only to the remedy, and as to the remedy, the law of the forum governs. It was so held in

Western Union Telegraph Company v. Lovely, 52 S. W. Rep., 563. This being true, the submission of said stipulation to the jury was favorable to the appellant.

Appellant's contention that in order to avoid the stipulation in the contract requiring suit to be brought within ninety days the evidence must show that such stipulation is unreasonable, is not sound. In our opinion, the authorities hold that in order for the stipulation to be valid and enforceable, it must be reasonable, and that the burden rests on the carrier to show by proper pleading and proof that the stipulation is reasonable. (Railway Co. v. Greathouse, 82 Texas, 104; Railway Co. v. Fagan, 72 Texas, 132; Railway Co. v. Harris, 67 Texas, 167.)

We are also of the opinion that there is evidence in the record tending to show that appellant had by its conduct waived the stipulation in the contracts of shipment requiring suit to be brought within ninety days.

All assignments of error are overruled.

We find no reversible error in the record; and the judgment of the court below is therefore affirmed.

*Affirmed.*

Writ of error refused.