## MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. D. G. ADAMS.

### Decided March 10, 1906.

**1.—Assumed Risk.**

Before an employe can be held to have assumed the risk of injury from a defective appliance the evidence must show that he had knowledge of the defect, as well as the danger incident thereto.

**2.—Proof of Conviction for Crime—Denial of Guilt by Accused.**

It is well settled in this State that in the impeachment of a witness the evidence should be confined to his general reputation for truth and veracity, and that it is not competent to introduce particular instances of untruthfulness. Where a defendant violates this rule and proves that the plaintiff has been convicted of a misdemeanor, the plaintiff may testify in rebuttal that although convicted he was not guilty.

**3.—Conviction—Earning Capacity.**

The plaintiff was charged by indictment with the commission of crime in 1900; he was convicted in September, 1900; the injury complained of in this suit occurred in September, 1902, and this case was tried in the lower court in February, 1905. Held, the evidence of conviction was too remote and uncertain when offered to affect the earning capacity of plaintiff.

**1.—General Reputation—Proof in Rebuttal.**

The defendant having introduced evidence of plaintiff's conviction of crime, and also evidence that he had on different occasions made statements at variance with his statements on the trial, and that his injuries were simulated, it was permissible for plaintiff to prove that his general reputation for truth and veracity was good.

Appeal from the District Court of Grayson County. Tried below before Hon. B. L. Jones.

*T. S. Miller, C. H. Smith* and *A. L. Beaty,* for appellant.—The particular facts and circumstances bearing on the question of appellee's guilt or innocence of a charge on which he had previously been indicted and convicted were collateral, irrelevant and not the best evidence, the record being conclusive. Flournoy v. State (Texas Cr.), 59 S. W. Rep., 902; 30 Am. and Eng. Ency. Law, 1088; Lamoreux v. New York,

N. H. & H. Ry. (Mass.), 47 N. E. Rep., 1009; Commonwealth v. Galligan (Mass.), 28 N. E. Rep., 1129; Cole v. Lake Shore & M. S. Ry. (Mich.), 54 N. W. Rep., 638; People v. Dorthy (N. Y.), 50 N. E. Rep., 800.

The record of appellee's indictment, conviction and sentence was admissible as touching his credibility as a witness because the offense was a felony, or was at least of such grade as to imply moral turpitude. U. S. Rev. Stats., secs. 3891, 3892, 5467; Tillman v. Fletcher, 78 Texas, 673; Gulf, C. & S. F. Ry. v. Johnson, 81 S. W. Rep., 4.

The pardon was not issued until long after the expiration of the sentence and its validity may be doubted. But, conceding its validity, it merely restored appellee's right to testify and he could still be discredited by proof of the conviction and sentence. 1 Wharton (2d ed.), sec. 567; 30 Am. and Eng. Ency. Law, p. 1085.

The proof was admissible on the issue of amount, as touching the question of earnings and also compensation for mental and physical suffering. Texas Mexican Ry. v. Douglass, 73 Texas, 330; Abbott v. Toliver, 36 N. W. Rep., 622.

If the evidence in reference to appellee's conviction and imprisonment was not competent as touching his credibility as a witness, there was before the jury no evidence tending to impeach him except mere conflicts between him and other witnesses, and therefore it was error for the court to allow him to introduce witnesses and prove by them that his reputation for truth and veracity was good. The court should not have construed evidence which was competent on the question of amount but incompetent as to the credibility of a witness to be an attack on the character or reputation of the witness for truth. Texas & Pac. Ry. v. Raney, 86 Texas, 363; McCowen v. Gulf, C. & S. F. Ry., 73 S. W. Rep., 46.

*Wolfe, Hare & Maxey,* for appellee.—Before appellee can be held to have assumed the risk of injury from the defective apron the evidence must show not only his knowledge of the defect but also that he knew of the danger incident thereto.

The evidence showing that appellee did not know of the defect in the apron until while out on the road he was not bound to abandon his post unless the danger was so apparent as to have made his continuance on the engine contributory negligence.

Sustaining our second counter proposition above: Texas & N. O. R. Co. v. Kelly (Supreme), 80 S. W. Rep., 79; Texas & N. O. R. Co. v. Kelly (Court of Appeals), 80 S. W. Rep., 1073; Missouri, K. & T. R. Co. of Texas v. Crum, 81 S. W. Rep., 72; St. Louis & S. F. R. Co. v. McClain, 80 Texas, 85; Ft. Worth & D. C. R. Co. v. Wilson, 3 Texas Civ. App., 585.

As sustaining third counter proposition: St. Louis & S. F. R. Co. v. McClain, 80 Texas, 85; Baltimore & O. R. Co. v. Baugh, 149 U. S., 406; Kane v. Northern C. R. Co., 128 U. S., 91; Fordyce v. Edwards, 60 Ark., 438; Irvine v. Flint & P. N. R. Co., 89 Mich., 416.

Appellant having on cross examination of appellee elicited irrelevant and immaterial testimony to the effect that appellee had been convicted of a misdemeanor and confined in jail, it was not error to permit appellee

on re-examination, to state the facts concerning said conviction and incarceration. Houston, E. & W. T. R. Co. v. Runnels, 92 Texas, 305; Tipton v. Thompson, 50 S. W. Rep., 641.

It is not competent to introduce isolated transactions or distinct facts to impeach a witness's character for truth and veracity. The inquiry should be confined to the general reputation of the witness. Boone v. Weathered, 23 Texas, 678; Kennedy v. Upshaw, 66 Texas, 452; Gulf, C. & S. F. Ry. Co. v. Johnson, 83 Texas, 633; White v. Houston & T. C. Ry. Co., 46 S. W. Rep., 382; Herring v. Patten, 18 Texas Civ. App., 150; Tipton v. Thompson, 21 Texas Civ. App., 144; Missouri, K. & T. Ry. Co. v. DeBord, 21 Texas Civ. App., 701.

The record which appellant sought to introduce in evidence showed appellee's conviction was for a misdemeanor only, and the same was irrelevant and immaterial to any issue in the case. U. S. Statutes, sec. 3891; United States v. Lacher, 134 U. S., 624; United States v. Delany, 55 Fed. Rep., 475.

Said evidence was not admissible on the issue of appellee's earning capacity because irrelevant, immaterial, too remote, uncertain and calculated to prejudice appellee's cause in the minds of the jury. St. Louis & S. F. R. Co. v. Smith, 79 S. W. Rep., 340; Tipton v. Thompson, 21 Texas Civ. App., 144; Stone v. Day, 69 Texas, 13; Ashcraft v. De-Armond, 44 Iowa, 233; 1 Wharton, Evidence, sec. 253.

Appellee on cross examination having brought out the irrelevant matter in reference to appellee's conviction of crime and confinement in jail it thereby made an attack upon his character for truth, as well as for honesty, and under such circumstances the court did not err in admitting the sustaining evidence. Houston, E. & W. T. Ry. Co. v. Runnels, 92 Texas, 305; Texas & P. Ry. Co. v. Raney, 86 Texas, 363.

Said evidence was properly admitted because appellant introduced evidence for the purpose of showing that appellee had on other occasions made statements at variance with his testimony on the trial and had offered evidence intended to show that appellee had simulated injury. Texas Cent. & N. W. Ry. Co. v. Weideman, 62 S. W. Rep., 810.

BOOKHOUT, Associate Justice.—Appellee sued for damages on account of personal injuries sustained while serving as fireman on one of appellant's freight trains because of defects in the apron bridging the space between the engine and tender, and recovered a judgment for $15,000, from which this appeal is prosecuted.

*Conclusions of Fact.*—Appellee was injured while firing appellant's engine 257 on a trip from Denison, through Pottsboro, Whitesboro and Denton to Dallas. The injury occurred between the stations of Letot and Dallas, about three miles south of the former, and two or three miles north of the latter station. He caught his foot under the apron of the engine and it tripped and threw him, causing the injuries complained of in the petition. There was a sudden and violent movement of the apron at the time appellee fell. At the time he was injured he was shaking the right hand grates of the engine. He was on the engineer's side of the engine and was facing south. The apron is an oval piece of iron that covers the space between the deck of the engine

and the tank. The apron was connected to the tail plate of the engine by two straps, two links and two lugs. There are two holes in each of said lugs, one directly over the other. One side of the apron was connected in the top hole and the other in the bottom hole of the lug, causing the apron to be lower on one side than the other, thereby causing the apron to be in a cramped condition, and throwing one end higher than the other at the back edge. The back of the apron was sprung so that the outer edges projected something like an inch and a half or two inches above the floor of the tender. In going over a rough track the edge of the apron was liable to be caught by the straight edge of the tail plate and flirted up. The apron was not properly connected with the tail plate of the engine. When the engine was standing still it would probably not be noticed, but in running over a rough track it would cause the apron to flirt up at one end. When it struck a low joint and went down this tended to throw the apron up with a sudden and quick jerk. By the fall plaintiff sustained serious and permanent injuries by reason of which he sustained damages in the amount found by the jury. The defendant was guilty of negligence in equipping its engine with a defective apron and in having the apron defectively connected to the tail plate of the engine. Appellee did not assume the risk of the injury, and was not guilty of contributory negligence.

*Opinion.*—It is contended that the undisputed evidence shows that the condition of the apron and the danger incident thereto must necessarily have been known to appellee before he was injured, and that by continuing on the engine he assumed the risk as a matter of law. That for this reason the court should have directed a verdict for defendant, as requested. Plaintiff was called to go out on the trip at 3 o'clock p. m., and boarded the engine at Denison. The train was made up at Ray yards and left there about 5 o'clock p. m. At that time the tender was filled with coal. It is the duty of the fireman to take the coal from the tank and put it in the fire-box. In this particular make of engine the coal is broken and scooped up practically on the apron or right in front of it. At the time the train left Ray yards the apron was covered with fine coal and small lumps. Appellee did not, when he started out on the trip, know that the apron was lower in front than it was behind, he did not find this out until some time after he had started on the trip. He did not know what caused the apron to be in this condition. Nor did he know that the apron was bent so that from the motion of the engine over a rough track the edge of the apron would be caught by the straight edge of the tail plate and flirted up.

Before the appellee could be held to have assumed the risk of injury from the defective apron the evidence must show that he had knowledge of the defect, as well as the danger incident thereto. (Texas & N. O. R. Co. v. Kelly, 80 S. W. Rep., 79; Texas & N. O. R. Co. v. Kelly, 80 S. W. Rep., 1073; Missouri, K. & T. Ry. Co. v. Crum, 81 S. W. Rep., 72; St. Louis & S. F. Ry. Co. v. McClain, 80 Texas, 85; Ft. Worth & D. C. R. Co. v. Wilson, 3 Texas Civ. App:, 585.) He did have knowledge prior to the injury that the apron was higher in front than it was behind. He learned this after he had started on the trip and after the coal in the front end of the tank had been scooped out and he had cleared

up the coal which covered the apron. He did not know the cause of the apron being in this condition or that by reason of its being in that condition it was liable when going over a rough track for the end to be caught on the straight edge of the tail plate and be flirted up at one end. He did not know of the danger incident to the operation of the engine and the use of the apron in that condition. He had never fired on this engine prior to this trip. It was negligence on the part of the railroad company to use the defective apron and to have improperly connected the apron to the tail plate of the engine. The appellee not knowing of the defect in the apron until he had entered upon the trip was not bound to abandon his post unless the danger was so apparent as to make his continuance on the engine contributory negligence. (St. Louis & S. F. Ry. Co. v. McClain, supra; Baltimore & O. R. Co. v. Baugh, 149 U. S., 406; Kane v. Northern C. R. Co., 128 U. S., 91; Fordyce v. Edwards, 60 Ark., 438; Irvine v. Flint & P. N. Ry. Co., 89 Mich., 416.) The evidence does not show that the danger of using the apron was so apparent as to make plaintiff guilty of contributory negligence in failing to abandon the engine while on the trip and after discovering the defect in the apron.

Error is assigned to the action of the court in refusing the following special charge asked by appellant: "Gentlemen of the jury: If both parties were negligent, it matters not and you should not stop to inquire which was the more negligent, provided the plaintiff's negligence contributed to his injury, for in such event he would not be entitled to recover." There was no error in refusing this charge. The court's main charge fairly submitted the issue of contributory negligence on the part of appellee so far as the same was raised by the pleadings and evidence.

On the cross examination of plaintiff by appellant's counsel he was interrogated as to his having been in jail on a charge then pending in the Federal Court, and he testified that he had partially served a sentence on said charge. On a re-direct examination he testified that the charge against him was for losing or misplacing a letter while he was in the mail service. He further was permitted to give evidence tending to show that he was not guilty of the offense of which he was convicted. On re-cross examination he stated that in pleading guilty he made a statement to the judge that if this letter had come into the car it was evident it had been missent, miscarried or was otherwise lost. He was sentenced to twelve months' confinement in the county jail.

It has been repeatedly held in this State that in the impeachment of a witness the evidence should be confined to his general reputation for truth and veracity, and that it is not competent to introduce particular instances of untruthfulness. (Boone v. Weathered, 23 Texas, 678; Kennedy v. Upshaw, 66 Texas, 452; Gulf, C. & S. F. Ry. Co. v. Johnson, 83 Texas, 633; Houston, E. & W. T. Ry. Co. v. Runnels, 92 Texas, 305; White v. Houston & T. C. Ry. Co., 46 S. W. Rep., 382; Herring v. Patten, 18 Texas Civ. App., 150; Tipton v. Thompson, 21 Texas Civ. App., 144; Missouri, K. & T. Ry. Co. v. DeBord, 21 Texas Civ. App., 701.) It was error to admit the evidence that appellee had been confined in jail for an offense pending in the Federal Court and that he subsequently partially served a sentence. Was it error, after

the defendant had made such proof, to permit appellee's counsel on re-cross examination to show in effect that appellee was not guilty of the charge and that he was improperly convicted? This precise question was before the Court of Civil Appeals for the First District, in the case of Houston, E. & W. T. Ry. Co. v. Runnels, 92 Texas, 305, and it was held that where the appellant, on cross examination of the appellee, showed that he had been convicted of a misdemeanor it was not reversible error for appellee on re-direct examination to testify to facts showing that he was not guilty of the charge, but had been wrongfully convicted. A writ of error was granted in the case but this ruling was not disturbed by the Supreme Court, 92 Texas, 305.

In the instant case the appellant proved on cross examination of plaintiff that he had been convicted of an offense and confined in jail. As stated, this testimony was inadmissible as impeaching evidence and should have been excluded. We hold that it was not reversible error to permit him to give testimony on re-cross examination tending to show he was not guilty of the charge for which he had been convicted.

There was no error in excluding the record evidence offered by appellant of plaintiff's conviction and sentence in the Federal Court. While the indictment contained two counts, the first charging a felony, and the second a misdemeanor, the record shows the United States Attorney dismissed as to the felony and appellant plead guilty of an offense, made by statute a misdemeanor. (U. S. Stats., sec. 3891; United States v. Lacher, 134 U. S., 624; United States v. Delany, 55 Fed. Rep., 475.) This evidence was not admissible to impeach the appellee and the court did not err in excluding it on that ground. It is shown in the bill of exception that in January, 1901, appellee's sentence was commuted by President McKinley, and that in October, 1904, a full pardon was granted by President Roosevelt, restoring him to his full civil rights.

Nor was the evidence admissible to show the earning capacity of appellee. The offense charged in the indictment and for which appellee plead guilty was alleged to have been committed in 1900. In September, 1900, judgment was rendered in that case. Appellee was injured in September, 1902. The case was tried in the lower court in February, 1905. This evidence was too remote and uncertain when offered to show the earning capacity of appellee. (St. Louis & S. F. Ry. Co. v. Smith, 79 S. W. Rep., 340; Tipton v. Thompson, supra; Stone v. Day, 69 Texas, 13; Ashcraft v. DeArmond, 44 Iowa, 233; 1 Wharton on Evidence, sec. 253.)

Complaint is made of the action of the court in allowing plaintiff to introduce proof showing appellee's general reputation for truth and veracity. Plaintiff put upon the stand, in rebuttal, the witnesses J. L. Jackson, Geo. W. Carver and T. F. Foley, and after said witnesses had testified that they had known the plaintiff for a number of years and were acquainted with his general reputation for truth and veracity in Denison where he resided, they and each of them were asked the following question: Is that reputation good or bad? To which defendant objected as immaterial and irrelevant, which objection the court overruled and the witnesses answered that it was good. The appellant having shown that appellee had been confined in jail on a charge against

him in the Federal Court, and that he had partially served a sentence for it, constituted such an attack on his character for truthfulness as justified the court in admitting testimony to show that his general reputation for truth and veracity was good. (Houston, E. & W. T. Ry. Co. v. Runnels, supra; Texas & Pac. Ry. Co. v. Raney, 86 Texas, 363.)

Again, appellant had introduced evidence for the purpose of showing that appellee had on other occasions made statements at variance with his statements on the trial and had offered evidence tending to show that appellee had simulated the injury. The fact that his reputation for truth and veracity was good we think was admissible in corroboration of his testimony that in fact he was injured. (Texas Cent. & N. W. Ry. Co. v. Weideman, 62 S. W. Rep., 810.)

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*