## MISSOURI, K. & T. RY. CO. v. CRADDOCK.
### (No. 7259.)†

(Court of Civil Appeals of Texas. Dallas. Feb. 27, 1915. Rehearing Denied April 3, 1915.)

**1. COURTS ⟨☞7—JURISDICTION — TRANSITORY ACTION.**

Where jurisdiction of defendant can be obtained, a resident of New Mexico may sue in this state for malicious prosecution arising out of an alleged theft in Kansas; since the action is transitory in its nature.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 14, 16, 22–31; Dec. Dig. ☞7.]

**2. LIMITATION OF ACTIONS ☞42 — LIMITATIONS APPLICABLE.**

In an action which, in so far as it alleged that plaintiff had been charged by defendant with burglary and theft, and thereby damaged in his reputation, partook of the nature of an action for libel and slander, it was permissible to join charges for malicious prosecution, false imprisonment, and assault, growing out of one continuous transaction, upon which the action would be governed by the law as to limitations, etc., governing actions for false imprisonment, etc.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 216; Dec. Dig. ☞42.]

**3. MALICIOUS PROSECUTION ☞58—EVIDENCE —RELEVANCY.**

In an action for malicious prosecution of plaintiff, a switchman, on the charge of breaking open a car and stealing therefrom, evidence as to what extent, prior to that occasion, there had been thefts of property from defendant's cars by unknown persons was irrelevant and inadmissible.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 117–124; Dec. Dig. ☞58.]

**4. APPEAL AND ERROR ☞1058 — HARMLESS ERROR—EXCLUSION OF EVIDENCE.**

In such action the exclusion of evidence that plaintiff had broken into and stolen from a car was harmless, where the same witness was allowed afterwards to testify to that effect.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4195, 4200–4204, 4206; Dec. Dig. ☞1058.]

**5. WITNESSES ☞370 — IMPEACHMENT — HOSTILITY OF WITNESSES.**

In an action for malicious prosecution, false imprisonment and assault growing out of plaintiff's alleged breaking into defendant's freight cars and stealing therefrom, where a witness testified that plaintiff had confessed that he and one B. had burglarized a car, and that B., a witness for plaintiff, had discharged him, B.'s testimony that he had discharged the former witness, who had threatened to get even with him, was admissible to show the first witness' animosity against both B. and the plaintiff.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1189; Dec. Dig. ☞370.]

**6. WITNESSES ☞361 — CREDIBILITY — GOOD CHARACTER.**

In an action for malicious prosecution, wherein plaintiff alleged that he had always borne a good reputation, and that by defendant's charge of burglary and theft he had been damaged, and in which he testified that he had never taken anything from defendant's cars, the admission of evidence for defendant, not only contradicting plaintiff, but also impeaching his reputation for truth and honesty, permitted plaintiff to offer witnesses as to such reputa-

tion, though the mere contradiction of plaintiff's testimony would not have permitted such proof.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1167–1175; Dec. Dig. ☞361.]

**7. MALICIOUS PROSECUTION ☞55—EVIDENCE —ISSUES AND VARIANCE.**

In an action for malicious prosecution, where it appeared that a complaint had been filed against plaintiff by defendant's watchman, charging a breaking and entering of a certain car, and that afterwards defendant's special agent filed another complaint charging the identical offense on which a second information was based, proof of plaintiff's acquittal upon such second information was not a variance from the allegation, and was admissible.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 106–110; Dec. Dig. ☞55.]

**8. PRINCIPAL AND AGENT ☞123—AGENCY OF COMPLAINING WITNESS — SUFFICIENCY OF EVIDENCE.**

Evidence in an action for malicious prosecution of plaintiff for having broken and entered defendant's cars and stolen property therefrom *held* sufficient to show that the one making the arrest and prosecuting the charge acted within the scope of his authority as an employé or agent of defendant railroad.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 420–429; Dec. Dig. ☞123.]

**9. MALICIOUS PROSECUTION ☞69—DAMAGES —EXCESSIVENESS.**

A verdict of $14,500 for malicious prosecution of a switchman on a charge of breaking open defendant's cars and stealing therefrom, together with allegations of false imprisonment and a shooting and wounding of plaintiff in the foot, in consequence of all of which his reputation was injured, his earning capacity impaired, and he expended $250 in employing attorneys for his defense and $100 for doctors' bills, was not excessive.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 158; Dec. Dig. ☞69.]

Appeal from District Court, Grayson County; W. J. Mathis, Judge.

Action by B. W. Craddock against the Missouri, Kansas & Texas Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

C. C. Huff, of Dallas, and Head, Dillard, Smith, Maxey & Head, of Sherman, for appellant. Wolfe & Wood, of Sherman, for appellee.

RAINEY, C. J. Appellee sued appellant to recover damages for malicious prosecution alleged to have been made by an agent of appellant at Parsons, Kan. Appellant presented a plea in abatement, denied generally the allegations in plaintiff's petition, denied the agency of the party inflicting the alleged wrongs, pleaded limitation, the existence of probable cause, and advice of counsel. The case was submitted to the jury on special issues, and, upon return of answers thereto, the court entered a verdict for plaintiff for $14,500, from which this appeal is taken.

Appellee's amended petition alleges that he is a resident citizen of the state of New Mexico, and that appellant is a private cor-

poration incorporated under the laws of Kansas, and states his cause of action as follows:

"Plaintiff shows to the court that heretofore, to wit, on or about the 7th day of March, 1911, he was in the employ of said defendant in the said city of Parsons, in the state of Kansas, working in the capacity of a switchman; that at said time and place defendant also had in its employ one A. W. Hufford, who was working for said defendant as a special officer, and it was a part of his duty to guard the property of defendant, and particularly cars of merchandise intrusted to said defendant for transportation, and to detect, apprehend, and prosecute persons caught in the act of, or who were guilty of, any trespass against the property of said defendant and which were in violation of the criminal laws of said state; that on the date aforesaid said special officer, while acting within the scope of his employment, did accuse this plaintiff of the crime of theft and burglary, in that he accused him of breaking the seal on one of its freight cars and of entering said car and of stealing therefrom certain merchandise which was alleged to be contained therein; that plaintiff was detained and charged by said defendant before the civil officers of Labette county, in the state of Kansas, of said crimes, and was bound over for trial to the district court of said county, in which court he had a trial in November, 1911, and was found not guilty of said charges. Plaintiff shows to the court that said prosecution is now finally terminated, and plaintiff has been by the proper courts of said county and state duly acquitted of any and all charges preferred against him and on account of which he was arrested, as aforesaid. Plaintiff further shows to the court that he was subjected to many indignities, in that at the time of his arrest he was cruelly and unmercifully treated, in that he was openly and publicly charged with crime of theft, and also of the crime of burglary, and was struck and beaten, and forcibly detained, and shot in one of his feet, and deprived of his liberty. * * * Plaintiff shows to the court that he was not guilty of said charges or any of them, but that he had always lived an honest, honorable, upright life, and had always borne a good reputation for honesty and fair dealing among all his acquaintances; that, by reason of said charge so brought against him, and by reason of such treatment of him by defendant, plaintiff was greatly damaged in his reputation, character, and fair name, not only among his friends and acquaintances, but with strangers and the public generally. Plaintiff shows to the court that all of the actions of said defendant hereinbefore charged were recklessly, carelessly, willfully, wantonly, and maliciously done, without probable or sufficient cause of believing plaintiff guilty of the charge preferred against him. Plaintiff further shows to the court that he had a good position with said defendant at said time, and was earning the sum of, and his time was worth, $100 per month, and but for such accusation and treatment hereinbefore alleged he would have continued to have earned said sum, and more; that, on account of the wound received, as hereinbefore alleged, plaintiff's time was wholly lost for the space of about 15 months, and he was so crippled and wounded that he was not only unable to work during said time, but his capacity to labor and earn money in the future has been greatly depreciated thereby; that said wound occasioned him much physical pain and mental anguish, and that he will so suffer as long as he may live; that said wounded member has become diseased, in that the same refuses to heal, and, since receiving said gunshot wound, plaintiff has been troubled with rheumatism, from which he had never suffered theretofore, and he alleges and charges that such condition was produced and brought about by said injury so inflicted upon him by said special officer in the employment of defendant as aforesaid. He further shows to the court that on account of said charge so preferred against him, and on account of the prosecution of him for such offense, he has been occasioned and caused to suffer much mental anguish and humiliation, and that he will always suffer in mind on account thereof. Plaintiff further shows to the court that it was necessary for him to employ counsel to defend himself against said charge, and to employ physicians for the purpose of attending his wounds, and that for such attorneys' fees he has paid out and expended the sum of $250, and for doctors' bills necessarily incurred, the further sum of $100."

The evidence substantially established the allegations of the petition.

Appellant complains: First, on the ground that the court overruled its plea in abatement, and presents the following proposition:

"Comity does not require and the courts of Texas will not exercise jurisdiction over a civil suit of a citizen of a foreign state, arising in a foreign state, out of a violation of the criminal laws of a foreign state, by a corporation of such foreign state, when the exercise of such jurisdiction will deprive the foreign corporation of defenses it would have in the state of its residence, when no good reason exists for prosecuting the suit in this state instead of the state in which it arose, and where the courts of the state where the cause of action arose would decline to entertain jurisdiction of the suit of a citizen of Texas under like circumstances."

Appellee's petition alleged that he was a citizen of New Mexico, and that defendant was "duly incorporated under the laws of the state of Kansas, owning and operating many lines of railway, some of which entered into the state of Texas, where it has a local agent, to wit, W. A. King, residing and representing it in Grayson county." Appellant's agent was duly served in Grayson county, and "there is nothing in the record of this case calling in question the sufficiency of the service of citation on appellant to require it to appear and answer this suit."

[1] The action pleaded by appellee is transitory in its nature, and can be prosecuted in any court obtaining jurisdiction of the defendant. Railway Co. v. Godair, 39 Tex. Civ. App. 298, 87 S. W. 871; Railway Co. v. Keller, 33 Tex. Civ. App. 358, 76 S. W. 801; Railway Co. v. Smith, 34 Tex. Civ. App. 612, 79 S. W. 340; Banco Minero v. Ross, 172 S. W. 711.

In this case the district court of Grayson county, Tex., had jurisdiction. The appellant had a local agent residing in said county, upon whom service was duly had, and, having jurisdiction, it properly proceeded to adjudicate the same. In Railway Co. v. Godair, supra, the court said:

"We think it a correct proposition of law that liability in a transitory action may be enforced, and the right of action pursued, in the courts of any state which can obtain jurisdiction of the defendant, without regard to where the wrongdoer or the person injured resided, or where the injury was inflicted; and it has been practically so held."

In Banco Minero v. Ross, supra, lately decided by our Supreme Court, it is said, in speaking of the action:

"It was accordingly transitory in its nature, and could be prosecuted in any court properly obtaining jurisdiction of the person of the defendant. Stone v. United States, 167 U. S. 178, 17 Sup. Ct. 778, 42 L. Ed. 127; 2 Wharton on Conflict of Laws, § 478a."

There is no such dissimilarity between the laws of Kansas and the laws of Texas that trying the case in Texas would deprive appellant of any substantial right.

The plea in abatement was properly overruled.

[2] The second assignment of error is that the court erred in overruling defendant's special exception, which was, in effect, that the petition showed it to be an action for libel, and was barred by one year's limitation. The exception was leveled at that part of the petition which alleged, in effect, that he had been charged by defendant with burglary and theft, etc.; that he was damaged in reputation, character and fair name, etc., thereby. These allegations partake of a cause of action for libel and slander, but, when the acts charged are joined with charges for malicious prosecution, false imprisonment, and assault as growing out of one continuous transaction, they are permissible, and are controlled by the law governing actions for malicious, false imprisonment, etc. Kleinsmith v. Hamlin, 60 S. W. 994; Railway Co. v. Griffin, 48 S. W. 542. The petitions show appellee to have been acquitted of the charges in the prosecution by the Kansas court, and within 12 months thereafter he filed his suit to recover damages for malicious prosecution; hence limitation had not run, and there was no error in overruling the exception.

[3] The third and fourth assignments of error complain of the exclusion of the testimony of witnesses E. A. Smith and A. W. Hosford. These witnesses, who were yardmaster and night watchman, respectively, of and in defendant's yards at Parsons, Kan., in March, 1911, stated that said yards in the nighttime were lighted with electric lights, when defendant propounded to them the following question:

"Q. To what extent prior to March, 1911, had theft of property from cars been continuing in the yards at Parsons in the daytime and nighttime?"

To which question and answer expected plaintiff objected on the ground that same was irrelevant and immaterial. Witnesses would have answered, in substance, that for a number of months prior to the arrest of appellee on March 7, 1911, the box cars of defendant in its yards at Parsons were broken and entered, and merchandise taken therefrom, both in the day and night time, but as to who the perpetrators of said thefts were they had no knowledge. The court sustained said objection, and defendant excepted. We think the court properly excluded the testimony of these two witnesses. The facts sought to be proved did not tend to show that the appellee was connected with any of such robberies, nor did the defendant attempt to connect him with any of them. This evidence, not tending to connect appellee with the burglary of March 7, 1911, of which he was charged, was irrelevant, and not admissible. Bearing upon this principle, we cite Wolf v. Perryman, 82 Tex. 112, 17 S. W. 772, and Ryburn v. Moore, 72 Tex. 85, 10 S. W. 393.

[4] The fifth assignment complains of the exclusion of the testimony of C. E. Clowse, wherein he stated:

"But I was with them when they told me they had taken some whisky from the cars, and at the same time they showed it to me."

This witness had reference to appellee and one Bean. The rejection of this testimony was harmless, as the court afterwards admitted evidence to the same effect by this witness.

[5] The sixth and seventh assignments relate to the admission of the testimony of C. E. Clowse and Ben S. Bean over the objections of appellant. The testimony of both these witnesses was by deposition in rebuttal, and that of Clowse was to the effect that Bean, a witness for appellee, had caused his discharge from the railroad service, and that of Bean was to the effect that Clowse had assisted as yardmaster and helped him on the coach engine, that he was a sorry helper, and that he (Bean) had turned him in, and he was discharged, and came to his engine and "told me he would get even with me if he had to shoot it out with me; he didn't speak to me." Clowse, prior to this, had testified that appellee had confessed to him that appellee and Bean had burglarized a car. Appellee and Bean had denied guilt of burglary. Appellant grouped the sixth and seventh assignments of error. The evidence was introduced for the purpose of showing hostility to appellee and Bean, and we think the testimony was legitimate to show Clowse's animosity against Bean in testifying, and, as Bean was implicated in the criminal charge against appellee, the testimony was competent to show Clowse's feeling against both parties.

[6] Appellant by its eighth assignment complains of the admission of the depositions of some 12 witnesses as to the good reputation of appellee for truth and veracity, some of the witnesses being in Iowa, who testified as to their knowledge of appellee being five or six years prior to the time of the prosecution, and those in New Mexico testifying to a time subsequent to and before his arrest, etc.

Appellee alleged in his petition that he had always lived an honest, upright life, had borne a good reputation for honesty, and that by reason of the charge of burglary and theft publicly preferred against him he had been damaged in his reputation and name, etc. He testified that this was the first crime ever charged against him. "I have never taken anything out of the cars there in the

vards at Parsons at this time or any other time." After this testimony Clowse was introduced by appellant, and testified to a confession by Craddock that he (Craddock) had, prior to the time of Craddock's arrest, burglarized a car and taken whisky therefrom, and further testified that Craddock had confessed to him that he (Craddock) and Bean had burglarized the car on the occasion of the arrest, and taken merchandise therefrom. Appellant recalled appellee for further cross-examination, and, in answer to questions, testified:

"I know a man by the name of Ben Bean. Ben Bean and I did not go over in the yards there and show Clowse some whisky and tell him we got it out of some cars. Nothing of that kind has ever occurred."

We understand that:

"Contradictions between witnesses in their testimony given upon the trial of a cause does not authorize the introduction of testimony to sustain the contradicted witness by proof of general character for truth and veracity."

But, when matter is drawn out by the defendant that is irrelevant to the main issue, and not only contradicts plaintiff, but tends to attack his character for truth and honesty, as was the case here, we think it was intended to impeach his character for truth, and the testimony was relevant. Railway Co. v. Raney, 86 Tex. 363–367, 25 S. W. 11; Railway Co. v. Adams, 42 Tex. Civ. App. 274, 114 S. W. 453; Railway Co. v. Williams, 111 S. W. 196.

[7] The tenth assignment is:

"The court erred in overruling defendant's motion to strike out the judgment of acquittal introduced in evidence by plaintiff."

The proposition submitted by appellant is:

"In a suit for malicious prosecution, where plaintiff alleges a criminal charge preferred by one person against him, and an acquittance of the same, he will not be permitted to show a judgment of acquittal of a charge preferred by another person not alleged; · the allegation and proof not corresponding."

It appears from the record that a complaint was filed against appellee in the justice court by A. W. Hufford, charging him with feloniously and burglariously breaking and entering a certain car of appellant's numbered 16540 on the night of March 7, 1911. It does appear that this complaint, with the proceedings in the justice court, were certified to the district court, and that the county attorney filed an information on this complaint; that subsequently the cause was remanded by the district court to the justice court, and J. W. Evans filed another complaint in said justice court, charging the identical offense on the same date against appellee; that thereafter the county attorney filed a second information based on this complaint; and that appellee was prosecuted on this information, and the verdict and judgment of not guilty rendered thereon. Each complaint and each information charged the same offense; that is, charged that appellee did, on the 7th day of March, 1911, in the county of Labette, state of Kansas, unlawfully, feloniously, and burglariously, in the nighttime, break and enter freight car No. 16540 of the Missouri, Kansas & Texas Railway Company, in which car at the time was situated certain personal property, with the unlawful, willful, and felonious intent to take and carry away from said car said merchandise, and charging that appellee did unlawfully, willfully, and feloniously steal, take, and carry away from said car No. 16540 certain personal property of and in the possession of the railway company. The petition does not allege that Hufford prosecuted him, nor that Evans prosecuted him, but it alleges:

"That plaintiff was detained and charged by said defendant before the civil officers of Labette county, in the state of Kansas, of said crime, and was bound over for trial at the district court of said county, in which court he had a trial in November, 1911, and was found not guilty of said charge."

The evidence shows that Evans was a special agent of appellant, and was the head of that department. We think there was no variance between the allegations and proof. The evidence shows that the two complaints related to the same transaction, and there was no error in the admission of the judgment of acquittal.

What has just been said disposed of the eleventh assignment adversely to the appellant.

[8] The thirteenth and fourteenth assignments attack the answers of the jury to questions Nos. 1 and 3, on the ground that they are not supported by the evidence, in that Hufford, in making the arrest and prosecuting the charge of burglary against appellee, was acting in his official capacity as deputy constable, and not as employé of appellant. We do not concur in this contention of appellant. The evidence shows that Hufford was in the employ of appellant as watchman; that at the solicitation of appellant he was appointed deputy constable, that he might be enabled to more effectually discharge his duties as watchman; and that, under his employment by appellant, he was authorized to arrest and prosecute persons guilty of trespass against its property when the same were in violation of the laws of the state of Kansas. We think the finding of the jury was justified. J. W. Sears, for plaintiff, testified that:

"In March 1911, he was constable at Parsons, Kan., and that A. W. Hufford held a commission under him as deputy constable; that he appointed Hufford deputy constable at the instance of the Missouri, Kansas & Texas Railway Company; that he paid Hufford no salary, but always gave one-half of his fees for any work which deputies did; he did not remember that Hufford ever did any work; his instructions were to Hufford that if he got a case to bring it to court, and what he got out of it Hufford would get half; Hufford would earn in the Craddock case 35 cents; Hufford is a watchman in the Missouri, Kansas & Texas yards at Parsons, Kan.; he gave Hufford the appointment with the understanding that Hufford was in the employ of the railway company; Hufford was appointed deputy constable

for the purpose of watching and protecting the property in the Missouri, Kansas & Texas yards at Parsons. I knew the officials of the Missouri, Kansas & Texas wanted Hufford deputized as constable in order to serve its interests. I knew that Hufford wanted this position in order to use it in serving the railway company; that was what it was given him for. Of course, Hufford could have watched without a gun, but he could not carry a gun without a commission. I appointed Hufford to protect the yards, but told him if he saw a crime committed in the county to arrest the man. It would be his duty to do it. I know the railway company had this appointment made. It was done at their instance and request."

Hufford's testimony shows that he had been working in the capacity of watchman for about five months before the time of arrest, and that he worked at night, and there is no evidence that he ever made an arrest before this occasion or used his commission as deputy constable, except in performing his duty as watchman for the railway company. Railway Co. v. Warner, 19 Tex. Civ. App. 463, 49 S. W. 254; Railway Co. v. Griffin, 20 Tex. Civ. App. 91, 48 S. W. 543; Railway Co. v. James, 73 Tex. 12, 10 S. W. 744, 15 Am. St. Rep. 743; Railway Co. v. Parsons, 102 Tex. 157, 113 S. W. 914, 132 Am. St. Rep. 857.

Appellant's assignments 15 to 27, inclusive, attack the findings of the jury on the ground that they are not supported by the evidence. The evidence was conflicting; that of appellee showing that the agents of appellant, acting within the scope of their authority, committed the wrongs upon appellee, and was sufficient to warrant the jury's finding. Said assignments are therefore overruled.

[9] The amount of the verdict is attacked as excessive. The amount thereof is $14,500, and, while large, we cannot say that the jury acted from passion or prejudice, and the judgment will not be disturbed.

All assignments not herein discussed have been considered, but we find no reversible error therein, and they are overruled.

The judgment is affirmed.