NAVARRO v. GARCIA et al.   (No. 5383.)

(Court of Civil Appeals of Texas.   San Antonio.   Jan. 6, 1915.)

1. WILLS (§ 52*) — CONTEST — BURDEN OF PROOF.

In a will contest, the burden is on the proponent to show that testatrix was of sound mind when she executed the will, as provided by Rev. St. 1911, art. 3271.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 101–110; Dec. Dig. § 52.*]

2. WILLS (§ 52*)—TESTAMENTARY CAPACITY—PRESUMPTION OF SANITY.

There is no presumption in Texas of testamentary capacity on the part of a testator.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 101–110; Dec. Dig. § 52.*]

3. WILLS (§§ 55, 166*)—EXECUTION—TESTAMENTARY CAPACITY—UNNATURAL WILL.

That testatrix bequeathed her property to persons not related to her by blood or marriage, while evidence of undue influence or testamentary incapacity, is yet insufficient alone to justify an affirmative finding on either issue.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 137–158, 161, 421–437; Dec. Dig. §§ 55, 166.*]

4. WILLS (§ 55*)—TESTAMENTARY CAPACITY—TIME.

On an issue of testamentary capacity, testatrix's state of mind when the will was executed is the test of sanity, and her state of mind at other times has no probative force, except as tending to show her state of mind at the execution of the will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 137–158, 161; Dec. Dig. § 55.*]

Appeal from District Court, Duval County; W. B. Hopkins, Judge.

Proceedings by S. O. Navarro for the probate of the will of Virginia G. De Caro, deceased, contested by Euuardo G. Garcia and another. From a judgment in the district court, on appeal from the county court, in favor of contestants, the proponent appeals. Reversed and remanded.

F. Lotto, of San Diego, for appellant. G. C. Robinson, of Beeville, for appellees.

FLY, C. J. Mrs. Virginia G. De Caro died leaving a will, in which she left all of her property to Enriqueta P. Navarro, and appellant was appointed therein the executor. Appellant sought to probate the will, which was contested by appellees, one a brother and the other a half-brother of deceased.

The will was probated in the county court, but on appeal to the district court probate of the will was denied.

[1, 2] The burden rested upon the proponent of the will to show that the testatrix was of sound mind at the time that she executed the will. Article 3271, Rev. Stats. There is no such presumption of sanity in Texas, although there is in other states, in the case of a maker of a will, as in the case of the maker of deeds or other ordinary contracts. The formal burden of proof in trials on the probate of wills, whether in the county court or on appeal to the district court, is upon the executor or other person proposing the will for probate. Beazley v. Denson, 40 Tex. 416.

[3] The owner of property has the absolute right to dispose of his property as he may desire, and the fact that the disposition of the property was not made to a blood relative, but to one not related by blood or marriage to the maker of the will, would not, standing alone, be sufficient to justify a refusal to probate the will. While the fact that the relatives were disinherited in favor of some one not related might be a circumstance, which, taken with others, might show unsoundness of mind or undue influence, yet, standing alone, it could not justify a verdict against the probate of the will. "Wills are not to be probated solely upon the ground that the disposition which a testator may make of his property seems to a court or jury a natural and proper disposition, nor are they to be refused probate because to the court or jury the disposition of the property may seem to be improper or unnatural." Vance v. Upson, 66 Tex. 476, 1 S. W. 179.

[4] The state of mind of a testator at the time of the execution of the will must be made the test of sanity, and the state of mind at other times can have no probative force, except as it may tend to show the state of mind of the testator at the time of execution of the will. By the proof introduced by appellant a prima facie case for probate of the will was made out, and unless that case was destroyed by the evidence introduced by the contestants, the will should have been probated.

The evidence is utterly insufficient to destroy the prima facie case made by appellant, and to establish the insanity of the testatrix at the time the will was executed. The testimony of the witnesses who were present when the will was executed was to the effect that the testatrix was perfectly sane at the time she executed the will, and that she was fully apprised of its contents. No delusions which could have affected testatrix and have induced the execution of the will were shown by the contestants. The testimony of the contestants was of such an indefinite character that, even when taken with the suspicious circumstances that the will was drawn by the husband of the beneficiary and that she

was not related by blood or marriage to the testatrix, did not justify the verdict. The testatrix was treated by a doctor, it was stated, for disease of the mind, and yet he did not testify. The testimony is too loose and unsatisfactory to support a judgment. Every page of the statement of facts shows that there was no development of the proof; the statement of facts indicating that even the will was not introduced in evidence.

A judgment based on such testimony as was produced in this case will not be permitted to stand. The judgment will be reversed, and the cause remanded to the district court for a proper trial.