ROUNDS v. COLEMAN.    (No. 1480.)

(Court of Civil Appeals of Texas.    Amarillo.
June 11, 1919.)

1. TRIAL ⟨⟩⟩209 — INSTRUCTIONS — CIRCUMSTANTIAL EVIDENCE.

Where a litigant relies on circumstantial evidence, it is not only proper, but it is his right, to have the court charge the jury that they may consider that character of testimony in determining the issue.

2. WILLS ⟨⟩⟩158—VALIDITY—UNDUE INFLUENCE.

Undue influence, to vitiate will, need not consist of overt acts of undue influence exercised at time of execution; influence exercised previously to and operating at time of execution being sufficient.

3. TRIAL ⟨⟩⟩261—REQUESTED INSTRUCTIONS—TECHNICAL OBJECTIONS—PROPER CHARGES.

Special charges, though technically objectionable, may be sufficient to call court's attention to the subject-matter, and require its presentation by proper charges.

4. WILLS ⟨⟩⟩165(1)—WILL CONTEST—UNDUE INFLUENCE—EVIDENCE.

In will contest on ground of undue influence, fraud, and duress, evidence as to declarations of testatrix is admissible.

Error from District Court, Collingsworth County; J. A. Nabers, Judge.

Will contest by Adelia T. Rounds against Sarah L. Coleman, proponent of the will of Equilla Wood, deceased. Judgment for contestee, and contestant brings error. Reversed and remanded.

See, also, 179 S. W. 530; 185 S. W. 640; 189 S. W. 1086.

J. M. Worten, of Pawhuska, Okl., and Turner & Dooley, of Amarillo, for plaintiff in error.

R. H. Cocke, Jr., of Dallas, for defendant in error.

HALL, J. Mrs. Equilla Wood executed her will on the 22d day of January, 1912, giving all of her property except $100 to defendant in error. The $100 was given to plaintiff in error. The probate of the will was contested by plaintiff in error in the county court, and again in the district court, on the ground of mental incapacity of the testatrix, undue influence, fraud, and duress on the part of the defendant in error, Sarah L. Coleman, and her husband. Upon the trial, which resulted in the judgment from which this appeal is prosecuted, the case was submitted to a jury upon special issues, and in response thereto the jury returned findings upholding the will.

It was shown that testatrix was 82 years of age when the will was executed, and that she died the following year; that the contestant, Adelia T. Rounds, plaintiff in error here, was the only daughter of testatrix; that in a financial sense she was in moderate circumstances, and 67 years of age; that the contestee, Sarah L. Coleman, is the daughter of contestant and the granddaughter of testatrix; that she was possessed of considerable wealth and less than 40 years of age; that the testatrix had lived with Sarah L. Coleman and her husband exclusively for many years prior to the execution of the will and was living with them at the time of her death; that the will was written while she was in the Coleman home, and the evidence tends to show that both the contestee and her husband were present when the will was signed. The existence of the will was kept secret from contestant until after the death of Mrs. Wood. It was

witnessed by kinsmen of the Colemans. There is some testimony showing that for a period preceding her death testatrix was mentally weak and childish and that she was frequently seriously ill; that she had great confidence in contestee's husband, who had managed her business matters for her and who it seems had proselyted her.

It was shown that contestee had intercepted letters which contestant had written to testatrix and withheld them; that in the year 1910 or 1911 testatrix had made a former will, leaving her property to the contestant. There is some testimony showing that she intended to make a different disposition of her property than was finally made by the will, and had expressed the desire that the contestant have her land.

[1] By the first assignment of error it is insisted that the court erred in refusing to instruct the jury, as requested by plaintiff in error's special charge No. 1, that circumstantial evidence is competent to establish the charge of undue influence. From the above summary of the evidence it will be seen that the testimony bearing upon this issue was practically all of a circumstantial nature. The rule is that where a litigant relies on circumstantial evidence it is not only proper, but it is his right, to have the court charge the jury that they may consider that character of testimony in determining the issue. Jones v. Hess, 48 S. W. 46; Culbertson v. Hill, 87 Mo. 553; State v. Hammond's Ex'rs, 6 Gill & J. (Md.) 157.

[2, 3] The second assignment of error is based on the refusal of the court to give appellant's special charge instructing the jury that it was not necessary to show that the overt acts of undue influence, if any, were exercised at the time of the execution of the will, but that it was sufficient that such influence, if any, had been exercised previously and operated at the time the will was executed. By the great weight of authority this seems to be the rule, and under the evidence, as shown in the previous statement, appellant was entitled to have this phase of the case submitted by the court. Campbell v. Barrera, 32 S. W. 724; Mowry v. Norman (Mo. Sup.) 103 S. W. 15; Davis v. Calvert, 5 Gill & J. (Md.) 269, 25 Am. Dec. 282; Steadman v. Steadman (Pa.) 14 Atl. 406.; Shepardson v. Potter, 53 Mich. 106, 18 N. W. 575; Tobin v. Jenkins, 29 Ark. 151. While the special charges as presented may be subject to technical objections, they were sufficient to call the attention of the court to the matters and to require their presentation by proper charges. Railway Co. v. Galloway, 154 S. W. 653; Davis, Pruner & Howell v. Woods, 143 S. W. 950 (writ of error denied); Railway Co. v. Cusenberry, 86 Tex. 525, 26 S. W. 43.

[4] By the third assignment complaint is made of the supplemental charge, given by the court, limiting evidence of the declarations of the testatrix made in various conversations. These declarations, we think, were admissible, and in limiting the effect of the testimony the charge complained of is as favorable to appellant as she had a right to demand.

For the errors pointed out, the judgment is reversed and the cause remanded.