**KANSAS CITY, M. & O. RY. CO. OF TEXAS v. ROCHESTER INDEPENDENT SCHOOL DIST. (No. 254.)\***

Court of Civil Appeals of Texas. Eastland. Jan. 28, 1927. Rehearing Denied April 1, 1927.

**1. Statutes ⬤➞227—Whether statute is mandatory or directory depends upon legislative intent.**

Question whether statute is mandatory or directory depends upon ascertainment of legislative intent from subject-matter of entire act under consideration.

**2. Taxation ⬤➞630—Statute providing delinquent tax list may be published, but that nonpublication is no defense to suit for taxes, held to make publication discretionary (Rev. St. 1925, art. 7323).**

Rev. St. 1925, art. 7323, providing that delinquent tax list may be published, with proviso that failure to publish shall not be defense to suit for taxes due, *held* directory, not mandatory, leaving publication to discretion of body charged with duty of approving delinquent roll.

**3. Trial ⬤➞261—Refusal of incorrect special charge is generally not error.**

As a general rule, it is not error to refuse an incorrect special charge.

**4. Trial ⬤➞261—Where court has omitted to instruct upon issue, special charge submitted, although incorrect, may be sufficient to inform court of omission.**

Requested special charge, though not strictly correct, may be sufficient to direct court's attention to omission of issue involved in case.

**5. Taxation ⬤➞390(2)—Value of railroad's properties cannot be determined solely from consideration of profits resulting from operation.**

Though profits of railroad is one of elements entering into value of its property for purposes of taxation, such element is not sole test of value of railroad's properties.

**6. Schools and school districts ⬤➞106—Verdict for plaintiff held not contrary to evidence, in suit by school district against railroad for delinquent taxes.**

In suit by school district against railroad for delinquent taxes, verdict for plaintiff *held* not contrary to evidence.

**7. Schools and school districts ⬤➞106—Railroad, in suit by school district for delinquent taxes, had burden to prove assessment constituted taking property without due course or unequal taxation (Const. art. 8, § 1; art. 1, § 19).**

In suit by school district against railroad for delinquent taxes, burden was on railroad to show assessment was so flagrantly wrong as to come within contemplation of Const. art. 1, § 19, preventing taking property without due course, and article 8, § 1, requiring taxes to be equal and uniform.

**8. Evidence ⬤➞590—Jury may reject testimony of interested witnesses.**

Jury is at liberty to reject testimony of witnesses interested in result of case.

On Motion for Rehearing.

**9. Trial ⬤➞261—In suit against railroad for delinquent taxes, refusing charge defining "value" of property, though not strictly correct, held error, where case was submitted on special issues and definition of value omitted (Rev. St. 1925, art. 2189).**

In suit against railroad for delinquent taxes, refusal of special charge defining term "value" *held* error, though charge was not strictly correct, where case was submitted on special issues, and where court entirely omitted to define meaning of term, in view of Rev. St. 1925, art. 2189, requiring definition of legal terms necessary to enable jury to render verdict where case is submitted on special issues.

**10. Trial ⬤➞261—Failure to supply charge defining necessary legal term may constitute error, though charge requested thereon is incorrect (Rev. St. 1925, art. 2189).**

Where definitions or explanations necessary to enable jury to render verdict, under Rev. St. 1925, art. 2189, are entirely omitted in case submitted on special issues, requested charge, though incorrect, may be sufficient to call court's attention to omission, making subsequent failure to supply omission reversible error.

Appeal from District Court, Haskell County; Bruce W. Bryant, Judge.

Action by the Rochester Independent School District against the Kansas City, Mexico & Orient Railway Company for Texas. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

---

⬤➞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

\*Appellee's motion for rehearing overruled May 20, 1927.

Ratliff & Ratliff, of Haskell, and Alexander Collins, of San Angelo, for appellant .

Brooks, Smith & Robinson, of Anson, for appellee.

PANNILL, C. J. The appeal is from a judgment against appellant for taxes alleged to be due by it to the Rochester independent school district. The defense was that the assessment was void because alleged to have been made arbitrarily, and that the value of appellant's property as assessed was much greater than its actual value, and that the assessment was on a basis of value much higher than that at which property generally was assessed. There was a trial to a jury, and a special verdict was returned to the effect that appellant's road and appurtenances thereon, situated in said school district, were of the value of $15,000 per mile, and that property generally was assessed in said district at 42½ per cent. of its value. Upon this verdict judgment was rendered for appellee for $317.47, excluding interest, penalties, and attorney's fees.

Four propositions are presented as requiring a reversal. The first is that the petition is defective in failing to allege publication of the delinquent tax list. Article 7323, Revised Statutes 1925, says that the delinquent tax list may be published, but contains a proviso that the failure to publish such list of delinquents shall be no defense to a suit for taxes due.

[1, 2] It is not deemed necessary to review the authorities dealing with the question as to when a statute will be held mandatory, but the general rule is that whether mandatory or directory depends upon the ascertainment of the legislative intent from the subject-matter and the entire act under consideration. The language of the article noted, together with the proviso, clearly leaves the publication to the discretion of the body charged with the duty of approving the delinquent roll.

The refusal of the special charge, defining "value" as that term is applied to the property of a railroad, is the next subject of complaint. The requested charge is as follows:

"Gentlemen of the jury, the value of a railroad is not a mere value of its right of way, roadbed and superstructures, its depots, grounds, and structures thereon, considered by themselves; but the value of all these as an operating, going concern (this value being, in general, determinable by the profits which result from its operation)."

[3] This does not appear to us to be a correct charge, and, if it was not, the failure to give it does not constitute reversible error. It is the general rule that it is not error to refuse an incorrect special charge. Waggoner v. Zundelowitz (Tex. Com. App.) 231 S. W. 721; Railway v. Brown (Tex. Civ. App.) 205 S. W. 379. And see authorities collated in volume 6, Vernon's Annotated Texas Statutes, p. 663.

[4] To the rule there shown are certain well-known exceptions. Among them is one that where the court has omitted any instruction at all upon an issue, an instruction, though not strictly correct, will be sufficient to direct the attention of the court to the fact that such issue has been omitted. In this case the court had submitted to the jury the question of "value." The appellant, desiring a definition of the term, requested a charge, and in order to complain of its refusal the instruction requested must be a correct one.

[5] Appellant relies on State v. A. & N. W. Ry. Co., 94 Tex. 530, 62 S. W. 1050, as authority for the rule announced in the special charge referred to, but we do not believe that case supports his contention or is authority for the proposition that, in a suit for taxes, the value of the railroad's property is to be determined solely by the profits which result from its operation, as the special charge plainly declares. In the case referred to, the court was discussing the question as to whether intangible assets could be separately taxed, and in the course of the opinion made a statement, the substance of which is set out in the special charge, but followed that statement by a further pronouncement that the statute in effect defines "value" to be what property will probably sell for at a voluntary sale for cash, and that in determining this value the profits and income ordinarily incident to the use of the property are to be considered, but the charge, instead of making the profits and income one of the elements entering into value, makes that the sole test, and to apply that test literally to this record would absolve appellant from the payment of any taxes, if credit is given its evidence. Even though the road was losing money, its property would be taxable, at least at its sale value. The requested instruction was defective in failing to give a correct definition of "value" and was properly refused.

However, it is suggested that in all suits for taxes, where the defendant attacks the assessment as here, the court should define "value." If the charge in this case had been excepted to for a failure to give the jury a correct definition of "value," this court would be under the compulsion of having to order a retrial. Wichita Valley Ry. Co. v. Williams (Tex. Com. App.) 288 S. W. 425.

[6] The verdict is assailed as being contrary to the evidence. It will not be necessary to set out the testimony in detail. The property in appellee's district consists mainly of farms, and there was evidence that such farm land was of the average value of $60 per acre and was assessed generally at

$27.50 per acre. This supports the finding that property was assessed generally at 42½ per cent. of its value.

The property of appellant consisted of 5 miles of track, with right of way, buildings, and stockpens thereon, with an original cost of $20,000 per mile. That the property had been kept in repair by a regularly employed section crew. That appellant had in relatively recent previous years rendered its road for $7,500 per mile and paid taxes on that valuation. That its earning capacity had substantially increased within recent years. Appellant's evidence was as indicated above and would support the conclusion that its property was not worth over $3,000 per mile.

[7, 8] In this proceeding the burden was on appellant to show that the assessment was so flagrantly wrong as to come under the condemnation of article 8, § 1, and article 1, § 19, of the Constitution of Texas The assessment as made by the board of equalization is otherwise final. The evidence offered by appellant came from interested witnesses, and the jury was at liberty to reject their testimony. Pope v. Beauchamp, 110 Tex. 271, 219 S. W. 447.

Finding no reversible error, the judgment is affirmed.

### On Motion for Rehearing.

[9] Upon more mature consideration we have concluded that there is error in the original decision in overruling appellant's assignment to the court's action in refusing the requested charge set out in the original opinion.

Article 2189, R. S. 1925, requires the court, where the case is submitted upon special issues, to submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues. This article has been construed to confer upon the parties the right to have its terms strictly complied with when such right is properly invoked. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517.

While we are of the opinion that the special charge requested was not strictly correct, it was nevertheless sufficient to call the court's attention to the fact that his submission of the case left the jury without any guide whatever in determining the meaning of the term "value," which was the basis of the only issue submitted.

[10] It is believed that the authorities support the proposition that, where such definitions or explanations as provided for in article 2189 are omitted entirely from the court's charge, a requested charge, even though incorrect, is sufficient to call the court's attention thereto, and that the sub-

sequent failure of the court to supply the omission is reversible error. G., C. & S. F. Ry. Co. v. Cusenberry, 86 Tex. 525, 26 S. W. 43; Rounds v. Coleman (Tex. Civ. App.) 214 S. W. 496; Collins v. Megason (Tex. Civ. App.) 228 S. W. 583.

The other points discussed are believed to have been correctly decided. On account of the failure of the court to give to the jury an instruction as to the meaning of the term "value," the motion for rehearing of appellant is granted, the judgment of the trial court is reversed, and the cause remanded.