CEYANES et al. v. TABASCO CONSOL. INDEPENDENT SCHOOL DIST.

No. 9846.

Court of Civil Appeals of Texas. San Antonio.

May 6, 1936.

Rehearing Denied May 27, 1936.

538

Templeton, Brooks, Napier & Brown, of San Antonio, West & Hightower, of Brownsville, and Hill & Greer, of Mission, for appellants.

B. H. Oxford, of Mission, and R. A. Oxford, of Plainview, for appellee.

SMITH, Chief Justice.

The suit was brought by the school district against the executors of the estate of Juan H. Fernandez, deceased, to recover taxes for the years 1926 to 1933, inclusive, upon 3,204 acres of land belonging to said estate, and for foreclosure of the tax lien. From a judgment in favor of the district as prayed for, the executors have appealed.

It appears from the record that the lands were timely assessed for taxes for the years 1925, 1926, 1927, 1928, and 1929, and in default of payment the property was duly listed in the delinquent tax record of the district. In 1934, in a suit brought by the district to recover said taxes, the assessments for said years were adjudged to be invalid by final decree of the district court, upon the ground that the district had assessed the property "arbitrarily and unfairly," and recovery was denied to the district in that suit.

As a result of that adjudication of the invalidity of the original assessments, the district ordered a reassessment of the property for the years for which the original assessment had been nullified, and the reassessment was attempted to be made in accordance with the provision of chapter 11, title 122, R.S.1925 (article 7346 et seq.), in which the method of reassessment in such cases is prescribed in detail.

It is provided in article 7346, in said chapter, that when any commissioners' court shall find that any previous assessments on any real property for given years have been declared invalid for any reason by any district court in a suit to enforce the collection of taxes on said properties, the commissioners' court may order a list of said properties to be made in triplicate, showing the years for which the assessments have been so nullified. It is provided in article 7347 that upon completion of said list the commissioners' court may order the cancellation of the properties upon which the previous assessments had been so nullified, and shall then refer the list to the tax assessor to be reassessed; that the assessor shall thereupon make an assessment of said properties, and submit same to the commissioners' court, who shall pass upon the valuations fixed by him; that when said court shall approve the assessment as to values, it shall cause the taxes to be

computed and extended at the tax rate appropriate to the years covered by the reassessment. It is then provided, in article 7348, that said list, when completed and filed with the tax collector, shall constitute a valid lien upon the properties so assessed.

It appears from the record that the trustees of the school district complied with the said provisions of articles 7346 and 7347, and, as provided in article 7348, a valid lien was thereby and by virtue thereof fixed upon said properties for the amount of taxes so reassessed. But the taxing authority may not bring suit to foreclose such lien until the list of delinquent taxes has been published. Article 7349. In that article it is provided:

"Art. 7349. (7705) *To be advertised.*

"The commissioners court shall proceed to have such list of properties advertised in the manner provided in Article 7323 after which, suit may be filed in the same manner as provided by law for the enforced collection of delinquent taxes."

It should be interpolated here that it is provided in article 7343 that "all laws of this State for the purpose of collecting delinquent State and county taxes are by this law made available for, and when invoked shall be applied to, the collection of delinquent taxes of cities and towns and independent school districts in so far as such laws are applicable." By that provision, the statutes herein cited are made applicable to this case.

It is provided in article 7323 of chapter 10, title 122, referred to in article 7349, that upon completion of the delinquent tax record therein referred to, the commissioners' court "may" cause the same to be published in some newspaper in the county once each week for three consecutive weeks. It is conceded that in this case the district did not publish the list showing the delinquent taxes reassessed against the estate here sought to be charged, and the question is presented of whether this publication was necessary in order to authorize suit for foreclosure of the tax lien provided in article 7348.

■ The provision in article 7349, that the commissioners' court "shall" advertise the list "in the manner provided in Article 7323 after which, suit may be filed" to recover the taxes, is mandatory by its own terms, and is obviously intended to give the taxpayer timely notice of the reassessment, and of the intention of the taxing authority to enforce collection through the courts, in event of default.

■ It is true that in article 7323 the commissioners' court is given the option of publishing the prescribed notice, and that failure to give that notice will afford no defense to the taxpayer in a suit brought under the provisions of chapter 10 (as amended [Vernon's Ann.Civ.St. art. 7319 et seq.]). Zachary v. City of Uvalde (Tex.Com.App.) 42 S.W.(2d) 417; Kansas City, M. & O. Ry. Co. v. School District (Tex.Civ.App.) 292 S.W. 964.

But that discretion and the inhibition against that defense apply, only and specifically, to suits brought under chapter 10, which relates to, and provides for the collection of taxes upon, real property which has been previously sold to the state for taxes. Whereas, chapter 11 applies only "in certain cases," including, specifically, reassessment of property upon which the original assessment has been nullified by judgment of a district court, and, under the express mandatory language of article 7349, in said chapter, the notice prescribed in article 7323 of chapter 10 "shall" be published, before suit for taxes so reassessed may be filed. The taxpayer is entitled to some character of notice of an assessment. Any notice he may have had under a prior assessment was nullified by the judgment voiding that assessment, whereby he was entitled to notice of the reassessment, and that notice is prescribed in article 7323, and rendered mandatory by article 7349.

■ The conclusion follows that appellee's suit to recover the taxes reassessed for the years 1925, 1926, 1927, 1928, and 1929 was prematurely filed, and the judgment thereon must accordingly be reversed, and the cause, in so far as it affects the taxes for said years, dismissed, at the cost of appellee.

■ The suit for taxes for the succeeding years, 1930, 1931, 1932, and 1933, was properly filed. Upon that branch of the case appellee introduced duly certified and authorized lists of delinquent taxes assessed against the property involved, and thereby made a prima facie case upon which, in the absence of any evidence of irregularity in the levy and assessment, judgment was properly rendered against

appellants for the taxes for those years. City of Raymondville v. Harding (Tex. Civ.App.) 40 S.W.(2d) 888; Harding. v. City of Raymondville (Tex.Com.App.) 58 S.W.(2d) 55.

But, as the record does not afford a formula for separating the amount recovered or recoverable for those years from the amount chargeable to previous years, it seems to be necessary to reverse the judgment upon that branch of the case.

Accordingly, the judgment for taxes for the years 1925, 1926, 1927, 1928, and 1929 is reversed and the cause of action thereon dismissed, and the judgment for taxes for the years 1930, 1931, 1932, and 1933 is reversed and the cause thereon remanded.