**JOHNSON v. MOODY.**
No. 10361.

Court of Civil Appeals of Texas. Galveston.
March 25, 1937.

Rehearing Denied April 22, 1937.

584

Henderson & Copeland, of Houston, for appellant.

Russel A. Bonham and Mary Nan Bonham, both of Houston, for appellee.

CODY, Justice.

Appellant Johnson brought this suit against appellee Moody in the district court of Harris county to recover damages for slander and false imprisonment.

When appellant, plaintiff in the court below, rested, appellee moved for an instructed verdict; and did so again at the conclusion of the evidence. The court, however, submitted the case to the jury on special issues. The answers on the special issues were favorable to appellant. Appellee promptly filed a motion for judgment non obstante veredicto; and subsequently amended it. Neither written notice of the original, nor of the amended motion, was served on appellant or his attorneys, but his attorneys orally waived service of the motions and accepted copies transmitted to them through the United States mail; a copy of the amended motion was so received more than two weeks before it was argued. Without complaining of any insufficiency the notice thus had of the amended motion, appellant's attorneys, on the day appointed for the hearing thereon, presented their arguments thereagainst. The court granted the motion, and rendered judgment for appellee thereon. Before discussing the merits of the court's action in granting the motion, we will dispose of appellant's assignments of error respecting the legal right of appellee to have had the trial court consider appellee's amended motion for judgment notwithstanding the verdict.

Article 2211, R.S.1925, was amended in 1931 (Vernon's Ann.Civ.St. art. 2211), so as to provide: " * * * that upon motion and reasonable notice the Court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any Special Issue Jury Finding that has no support in the evidence."

This provision of the statute does not violate section 15, article 1, of the Texas Constitution, guaranteeing the right of jury trial. For by the explicit terms of the article as it now stands amended, the trial court is authorized to render judgment non obstante veredicto only where, as a matter of law, he might lawfully have instructed a verdict for the movant for the judgment non obstante veredicto, instead of submitting issues in the cause to the jury at all. The right to a jury trial was, therefore, not encroached on by the provision referred to, and remains the same as it was before the enactment of the amendment to article 2211. As stated in Simmonds v. St. Louis, B. & M. Ry. Co. (Tex.Com.App.) 91 S.W.(2d) 332, 333: "The amendment was intended to simplify procedure by permitting the trial court to disregard the finding of the jury on an issue which should not have been submitted at all because of want of evidence sufficient to raise the issue or warrant its submission."

This amendment of article 2211 is evidently taken from the law passed in Minnesota in 1895—Richmire v. Andrews & Gale Elevator Co., 11 N.D. 453, 92 N.W. 819. The holding of the Minnesota court thereon is set out in Marengo v. Great Northern Ry. Co., 84 Minn. 397, 87 N.W. 1117, 1119, 87 Am.St.Rep. 369, in this language: "We are unable to interpret Chapter 320, Gen.Laws 1895, authorizing the entry of judgment by the court notwithstanding a verdict, so as to deprive a litigant of the right to have the facts in a common-law issue determined by the jury instead of absolutely by the court. Such an interpretation would deprive the litigant of his right of trial by jury. To sustain the statute, it must be construed so as to harmonize with that constitutional right."

It is patent that, in adopting the provision in question, the Legislature intended for it to be construed so as to harmonize with the constitutional right of jury trial. But this constitutional right has never been construed as being in conflict with the power and duty of the court to instruct the jury, where evidence, as a matter of law, was insufficient to raise any issue. The provision is, therefore, clearly not violative of the constitutional guarantee of the right to jury trial.

Article 2211, R.S.1925, as amended (Vernon's Ann.Civ.St. art. 2211), does

not specify the kind of notice that shall be given of the filing of the motion, beyond stating that it shall be reasonable. Certainly service of such notice on the opposite party by the sheriff, constable, or by any person competent to testify, as provided in article 2291, R.S.1925, would be reasonable, as a matter of law. Hines v. Parks (Tex.Com.App.) 96 S.W.(2d) 970. But it does not follow that the statutory notice contemplated by article 2291 is the only character of notice contemplated by article 2211. And, even if statutory notice of such motion were contemplated, such notice would not be a prerequisite to the court's jurisdiction to pass on the motion, in the sense the parties could not waive it by express agreement, or conduct expressing waiver or acquiescence. In the instant case, as stated above, appellant's attorneys were notified of the motion more than two weeks before it was heard and were furnished a copy of it, agreed to the setting made for the hearing thereon, appeared at the hearing, argued against it, and at no time, prior to rendition of the judgment on the motion, did they question the sufficiency of the notice they had received of it, or claim they should have been served with notice in writing by the sheriff; and do not now claim they were not given notice in ample time to be fully prepared to contest it. They do not claim to have been injured because of the failure to serve them with written notice of the motion, under the terms of article 2291. Appellant has manifestly misconstrued the holding of our Supreme Court in Hines v. Parks, supra. The notice of the motion in this case was reasonable, within the purview of article 2211.

Express power *to amend* a motion for judgment non obstante veredicto, is not given by article 2211; neither is the power to amend expressly denied. However, the provision is not in derogation of the right to jury trial. If it were, it would truly be unconstitutional. Article 10, R. S.1925, sets forth rules to govern the courts in construing all civil statutory enactments; subdivision 6 provides: "In all interpretations, the court shall look diligently for the intention of the Legislature, keeping in view at all times the old law, the evil and the remedy."

We have already quoted from the Simmonds Case, supra, our Supreme Court's interpretation of the Legislature's intention in amending article 2211. And what the Supreme Court, speaking through Judge Sharp in Stillman v. Hirsch, 99 S. W.(2d) 270, 275, said of a motion for a new trial is applicable largely to a motion for a judgment non obstante veredicto: "It gives the trial judge an opportunity to have his attention called to the alleged errors committed by him during the trial. It is well known that the trial judge must act quickly upon questions presented to him. * * * The object of the law is to give to the trial judge an opportunity to try the case correctly, and to avoid unnecessary appeals. Anything short of this does not meet the purpose of the law. The object of a motion for new trial is to point out the rulings complained of, and call them to the attention of the trial judge, so that he may have an opportunity of reviewing his decisions, and, if need be, correct them."

At no time is the trial judge so pressed to make so many decisions, and so quickly, as during the preparation of issues to be presented to the waiting jury. Were the object of article 2211, as amended, merely to give a new right to a losing litigant, a strict, narrow, and illiberal construction might answer. But the public has an interest in lessening unnecessary appeals and prolonged litigation. To allow a motion for a judgment non obstante veredicto to be amended so as to entitle the movant to the benefit the Legislature intended to provide by the legislation is inflicting no injury on the opposite party, who, in legal contemplation, misleads the court into submitting issues to the jury, when he should have instructed a verdict. By his own wrong, therefore, when the opposite party receives an advantage he is not entitled to, and which he will lose on appeal, he has no just complaint if deprived of it in the trial court. Besides, an amended motion is still a mere motion, and when the former evil is considered, together with the remedy intended by the Legislature to be made available, the right given to file such a motion, is the right to file the best motion the party is capable of filing; and if by amending it he can make the motion have the effect the Legislature intended it should have, and the trial court in the exercise of a sound discretion allows it to be amended, there seems no sound reason to defeat the manifest intention of the Legislature, by narrowing the term *motion* so as to exclude *amended motion*. If the term *motion* as used by the Legislature in article 2211 excludes *amended motion,* no doubt appellant could

not have waived the amended motion in this case. But he did what he could to waive it, because his attorneys raised no objection to the motion based on it being amended; and, therefore, themselves construed the amended motion to be a motion, within article 2211. We believe that the provision, being remedial legislation, where it uses the term *motion*, used it with a meaning broad enough to include amendments, when authorized by the trial court. And we hold the amended motion in this case was a motion within the purview of article 2211.

■ The trial court, the motion being proper and notice thereof reasonable, has power under the enactment to render judgment non obstante veredicto, only if a directed verdict would have been proper. The power of the trial court to render judgment non obstante veredicto is, therefore, the same power as that exercised by the Court of Civil Appeals when it reverses and renders a case where the trial court erroneously refuses a peremptory instruction. This power, when exercised by the Court of Civil Appeals, is stated by our Supreme Court in Wininger v. Ft. Worth & D. C. Ry. Co., 105 Tex. 56, 143 S.W. 1150, to be: "The honorable Court of Civil Appeals [141 S.W. 273] had authority to reverse the judgment of the trial court on the preponderance of the evidence; but it could not render the judgment, if, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff."

■ If, therefore, the verdict of the jury is merely contrary to the preponderance of the evidence, and such that the trial court can, and on motion for new trial ought to, grant a new trial, if the error is properly assigned and urged, article 2211 does not apply. When judgment notwithstanding the verdict is rendered, it should be made to appear, not that the evidence is insufficient to support the findings of the jury, but that the evidence was insufficient to raise the issue, or warrant their submission to the jury.

The opinion of the court below, incorporated in the judgment, in respect to the findings of the jury upon special issues, is in this language: (The court) "is of the opinion that the findings of the jury upon special issues submitted to them are without sufficient legal support in the evidence introduced upon the trial hereof, and that the same should be set aside, and further that all of such findings are lacking in certain elements to support a judgment in favor of plaintiff, *and that a judgment should be entered in favor of the defendant as a matter of law.*"

The findings of a jury that are against the preponderance of the evidence, as has just been stated, are themselves "without sufficient legal support in the evidence," unless, indeed, an appellant waives the error; and so of "findings * * * lacking certain elements to support a judgment." However, from the portion of the judgment just quoted, which we have placed in italics, we infer the trial court meant it to be understood *that the issues submitted to the jury were erroneously submitted because there was no evidence sufficient to raise them or warrant their submission;* or that the jury should, in the first instance, have been instructed to return a verdict in favor of defendant, because, *discarding all adverse evidence, and giving credit to all evidence favorable to plaintiff, which might be drawn from the facts found, the jury should have found the issues in question favorable to defendant.*

It now remains to apply this standard to the facts proved on the trial, in order to determine whether the judgment rendered for appellee, notwithstanding the verdict, was erroneous.

■ The pertinent facts proved on the trial were: Moody, the defendant, operated a cleaning and pressing establishment in Houston. Appellant was one of appellee's delivery men, and had a regular route on which the people lived to whom he delivered the clothes that were cleaned and pressed in appellee's establishment, and from whom he solicited business. A considerable amount of clothing belonging to appellee's customers was stolen from his place of business about December 20, 1932. This loss was discovered while plaintiff was out on his route. He returned to the establishment about 10 o'clock in the morning, and saw police officers there, and noticed signs of excitement, and asked another employee what was going on, and was told about the loss, and advised to attend to his own business, which advice appellant says he proceeded to follow. Appellant had been at the establishment alone several hours on the preceding day,

which was Sunday, doing some work on appellee's delivery trucks, as appellee's mechanic had a broken leg. The police seem to have been of the opinion that the theft was an "inside" job, and appellee's employees were being questioned to learn what light they might be able to throw on it. Appellant testified that shortly after his return from his route about 10 o'clock, appellee called him to the back of the plant, the part which consisted of the boiler room and garage combined, and asked him what he had done with the clothes that had been stolen, and that upon his denial that he had taken the clothes, appellee used abusive language to him, and said he was going to have him put in jail. Appellant testified that this was said in the presence and hearing of five of his coemployees, Boles, Nance, Hayes, Mann, and a presser whose name he forgot, but who was identified as Moshart. The evidence showed appellee had other, but not how many other, employees than those just named. Plaintiff did not have any of his. former coemployees testify. Nance and Moshart each testified for defendant that they heard no statements or accusations made by him against plaintiff. Hayes testified that on the occasion in question he heard Johnson's voice, and two or three other voices, but was too far away to hear what was said. Neither Boles nor Mann testified for either party, and no reason for their failure to appear is assigned. The defendant testified he made no such accusation or used abusive language. Johnson alone testified he heard it. Evidence relating to the false imprisonment branch of the case will be given infra. The next paragraph is but the expression of the writer's dissent from the majority of the court, who hold that the evidence of the publication of the slander was sufficient to require its submission to the jury.

The evidence before the jury of persons, other than the plaintiff, hearing the defamatory remarks, was insufficient to do more than raise a surmise to that effect. Consequently, no issue thereon should have been submitted to the jury. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059. There was no evidence at all that any one, other than plaintiff, heard the remarks complained of; for plaintiff's testimony in that respect amounts to no more than that, in his opinion, others heard the defamation. First Texas Prudential Ins. Co. v. Moreland (Tex.Civ.App.) 55 S.W.(2d) 616. As the evidence was insufficient to raise the issue of any publication of the slander, there was nothing to be submitted to the jury on the slander branch of the case; so, with respect to the slander branch of the case, it was proper to render judgment for appellee, notwithstanding the verdict. It becomes unnecessary, under the writer's view that there was no evidence of a publication, to rule on whether the accusation, made in the course of an investigation of theft, and in the presence of the accused's coemployees, was qualifiedly privileged.

On the issue of false imprisonment, the evidence of defendant was that he had nothing to do with plaintiff's arrest or detention at the police station; but in respect to that, the police officers acted solely on their own responsibility. One of the police officers who arrested plaintiff testified to the same effect; the other police officer was dead at the time of the trial. No charge was filed against plaintiff. And except for evidence introduced by plaintiff that defendant had threatened to have him thrown in jail, and of admissions by defendant to plaintiff, plaintiff's wife, and two friends of plaintiff, that he, defendant, had had plaintiff arrested, there would have been insufficient evidence to raise the issue of any responsibility on the part of defendant for the arrest and false imprisonment. It was for the jury, however, to pass on whether the evidence offered by plaintiff of admissions by defendant after the arrest, were true. Certainly an admission made by defendant shortly after the arrest, that he had caused the arrest, was evidence of the highest probative force, if believed by the jury that he had done so; and would support a finding to the effect that he caused the arrest and false imprisonment. Evidence, claimed by appellant as sufficient to raise the issue of malice on the part of appellee in causing the arrest, is too trivial to be here recounted. Appellant was held at the police station about four hours, and released because appellee filed no charges. And it is only the evidence of appellee's expressions of regret for having caused appellant's arrest and imprisonment that support the finding that he did so. The evidence urged by appellant as showing malice on appellee's part, in reality supports appellee's contention that the arrest was an act of the officers, and for which they were solely responsible.

As stated above, the writer dissents from the holding of the majority that there was

evidence of a publication of slander sufficient to warrant the submission of issues thereon to the jury. The entire court agrees that the judgment non obstante veredicto should be reversed, and the cause remanded, and it is so ordered.

Reversed and remanded.