## GUMM v. CHALMERS et al.
### No. 10754.

Court of Civil Appeals of Texas.
Galveston.

April 13, 1939.

Rehearing Denied May 4, 1939.

Taliaferro & Graves and ·Louis W. Graves, Jr., all of Houston, for plaintiff in error.

W. P. Hamblen and Ernest A. Knipp, both of Houston, for defendants in error Walter Chalmers and Tom A. Graham.

GRAVES, Justice.

This appeal, by writ of error, is from a judgment of the 11th District Court of Harris County, entered non obstante veredicto, on motion of defendants in error therefor, dismissing the contest of plaintiff in error to the will of Fred Erichson, deceased (who, as contestant, was joined by certain non-appealing intervenors in the trial court); such contest had theretofore been sustained in the County Court of Harris County, and had been appealed to the District Court by defendants in error, who were the proponents of the will.

In the District Court the issues of fact raised between the parties to the contest were submitted in this single special-issue to the jury, which it answered, "he did not," to-wit: "Did or did not Fred Erichson have testamentary capacity on July 16th, 1934, at the time he executed the will in .controversy? You will answer this special Issue 'He did' or 'He did not', as you find the facts to be."

The learned trial court recited that it was of the opinion—in the light of the motion of the defendants in error for such

decree—that a directed verdict in their favor would have been proper; a reference to the motion itself shows that it was grounded upon two counts only, as follows: (1) That the verdict was unsupported by the evidence; (2) that the contestants had failed to show any interest in the estate.

The effect of this order of dismissal was to permit the probate of the will, thereby nullifying the prior order of the county court denying its probate, as well as this verdict of the jury on the appeal to the District Court, finding that Fred Erichson had not had testamentary capacity when he executed the will in question on July 16th of 1934.

In this court plaintiff in error, carrying alone the burden of the appeal, contends the trial court's action in so dismissing his contest, notwithstanding the jury's verdict, was fundamental error, for the principal reasons that:

(1) His pleading and evidence was not only sufficient to raise the issue of a lack of testamentary capacity upon Erichson's part at the time of executing the will, but also to support the jury's verdict that he did not have that indispensable requisite to the making of a valid will.

(2) The finding of the jury determining that he did not have such capacity at the time, under the circumstances, required the sustaining of the contest, even if the proof failed to show—as defendants in error contend—that the contestant and intervenors below were parties interested in Erichson's estate;

(3) That there was both pleading and evidence sufficient to support an issue of such interest on the part of the contestants below, it having been undisputedly shown by them that the testator left neither surviving wife, nor children, but did leave nieces and nephews, to which class of relationships the plaintiff in error along with one or more of the intervenors belonged.

(4) That the defendants in error were in no position upon the trial to raise any question as to whether or not plaintiff in error and such intervenors were so interested in the estate of the deceased, because they neither by sworn affidavit, plea in abatement, exception, nor otherwise, in due order of pleading, and in limine, upon the trial below, in any way properly raised any question as to the right of their opponents to so contest the probate of the will.

This court concludes that, regardless of the procedural questions discussed in the briefs, the showing made below under neither premise for the challenged judgment was sufficient; that is, the pleadings and evidence were at least sufficient to raise the issues both of mental competency as submitted to and determined by the jury, and of interests in contestants in Erichson's estate, within the meaning of R.S. Article 3433.

■ (1) Under R.S. Article 2211, Vernon's Ann.Civ.St. art. 2211, pursuant to which the action under review was taken, providing that the court may render judgment non obstante veredicto if a directed verdict would have been proper, if there is any pleading and any testimony supporting an issue, no authority for such directed verdict exists, as is thus declared by this court through Justice Cody, in Johnson v. Moody, Tex.Civ.App., 104 S.W.2d 583, at page 586: "When judgment notwithstanding the verdict is rendered, it should be made to appear, *not that the evidence is insufficient to support the findings of the jury, but that the evidence was insufficient to raise the issue, or warrant their submission to the jury.*"

■ When the evidence on that feature in this record is appraised accordingly, it seems plain that an issue of fact over whether or not the deceased Erichson had the necessary capacity at the date of the will, July 16th of 1934, was raised; he died October 21st thereafter, and there were many witnesses familiar with his condition immediately before, at the time of, and after the execution of the will, up until the time of his death, who testified to facts and circumstances from which it was a justifiable inference that the jury's verdict reflected the true condition of his mind when he attempted to make the will; it would serve no needful purpose to here catalogue, or even make a resume, of the testimony, as it seems to this court to have clearly made a question of fact for the jury in the first instance, if indeed it did not also support the finding that he did not then have the capacity required; these witnesses were shown to be those who knew most about Mr. Erichson at the critical time, who were nearest to him, sustaining the most intimate relations with and having the best opportunity to know and observe him and his condition of mind. Among them, were Mr. and Mrs. Measam, who lived in the same house with him, Mrs. Mildred Burkhart,

who treated him for thirty days before his death, M. L. McAshan, H. B. Finn, O. D. Shuptine, and Dr. J. A. Sauls, all of whom gave testimony in support of the verdict.

The opposing witnesses were not shown to have had such association and observation of him as enabled them either to observe or to know him near so closely as those for the contestants; a number of them, with the exception of Mrs. Riley, Eugene L. Meyer, and Dr. Ledbetter, were either associated or related in some way with some beneficiary or relative of such an one, which circumstance itself was properly in evidence before the jury.

In a word, the ultimate purport of the contestants' testimony upon this question might be epitomized in this quotation from that of Mrs. Burkhart, the attending practical nurse for Mr. Erichson for thirty days before his death, as recited supra, to-wit: " * * * When I went out there Dr. Ledbetter told me he was a very dangerous patient in this way, that he was a very strong man and I may not be able to handle him physically. He said 'You are going to have to be careful and give him hypodermics wherever you can stick them, under his shoulder blades and in the middle of his back.' He was mentally out the whole time I was there. He was a person of unsound mind at that time, I should judge. I had difficulty with him on account of his condition; a good many nights I had to call for assistance from Mr. Measam and it would take both of us to put him to bed. * * *"

■■ (1) R.S. Article 3433, cited supra as the statute under which this contest of a previously-probated will was instituted, recites that such procedure may be taken "by some person interested in the estate"; apparently an independent suit, or new proceeding, was thereby contemplated for such a contest, Prather v. McClelland, 1890, 76 Tex. 574, 584, 13 S.W. 543, 545; Thornton v. McReynolds, Texarkana Court of Civil Appeals, 1913, 156 S.W. 1144, 1145, error refused, and the contest herein appears to have fully complied with that statutory requirement; plaintiff in error himself specifically alleged that, "plaintiff is a nephew and heir at law of Fred Erichson, etc.,"; whereas, the intervenors, making common cause with him in the contest, likewise alleged that they were heirs of Fred Erichson, and further; "would be entitled to a share of his estate as such, etc.,"; these pleadings as to the interests of the contestants were not questioned in any way that was acted upon by the trial court, hence they stood as uncontested; in other respects also the procedural requirements of this and related statutes having to do with such contests were substantially followed. As a matter of declaration of a cause of action, therefore, these quoted averments seem sufficient to show an interest in whatever estate Fred Erichson may have had. Perry v. Moss, Tex.Civ.App., 87 S.W. 871.

■ On the other hand, the proponents, despite the express requirement of R.S. Article 3434 enjoining upon them the duty of answering declarations of interest in the estate, made no response whatever; in other words, they did not, in limine, and in due order of pleading, in any manner whatsoever, either by plea in abatement, exception, or demurrer, in advance of the jury's verdict, challenge or raise any question as to whether or not the contestants were persons interested in the estate of Erichson, until they did so by filing their motion for judgment notwithstanding the verdict; apparently this came too late, under these authorities. Articles 3433, 3434, 2010, 2012, R.S.; 32 Tex.Jur. 117, 119; 44 id. 914, sec. 330; Perry v. Moss, Tex.Civ.App., 1905, 87 S.W. 871; Davenport v. Hervey, 1867, 30 Tex. 308; Newton v. Newton, 61 Tex. 511; Abrams v. Ross' Estate, Tex.Com.App., 1923, 250 S.W. 1019; Dickson v. Dickson, Tex.Com.App., 1928, 5 S.W.2d 744; Moore v. Stark, 118 Tex. 565, 17 S.W.2d 1037; Id., on motion for rehearing, 118 Tex. 565, 21 S.W.2d 296; Arai v. Saenz, Galveston Court of Civil Appeals, 1932, 52 S.W.2d 383, error refused; Plunkett v. Simmons, Waco Court of Civil Appeals, 1933, 63 S.W.2d 313, error dismissed; Alexander v. State, Amarillo Court of Civil Appeals, 1938, 115 S.W.2d 1122, error refused.

■ (2) In any event, however, the sufficiency of the evidence offered under the quoted averments of the contestants as to their several interests, at least to raise an issue for the jury thereon, likewise appears clear; it is true they did not, by express and affirmative showing, close up all possible gaps that might have been conceived to exist between themselves and heirship under Erichson to interests in his property, such as the survival of his parents or some grandchildren; but it is thought they did present circumstances from which the closing of those gaps was a legitimate inference on the jury's part, especially in the absence of any intimation, suggestion, or probability,

to the contrary; they showed that he was dead, that he died at an advanced age of about 65 years, that he left no wife, nor children, remaining at the time of this contest, but that he did in fact leave nephews and nieces, who were those contesting his will.

The rather closely similar case of Mc-Naley v. Sealy, Tex.Civ.App., 122 S.W.2d 330, seems to this court to furnish authority for its holding upon this phase of this controversy—particularly as the testimony there only showed that the contestants were nephews and nieces; indeed the stated testimony in this instance goes further in its positive showing that this deceased "had no children", and was of the advanced age indicated, with nothing whatever bearing against a consequent inference from all the circumstances that no other relatives lived. A claimed preexisting will defendants in error rely upon was not shown to have ever been probated or established as such, hence was immaterial.

These conclusions require a reversal and remanding; it will be so ordered.

Judgment reversed. Cause remanded for another trial.