### KUTCHINSKY v. ZILLION et al.

#### No. 11643.

Court of Civil Appeals of Texas. Galveston.

July 20, 1944.

Rehearing Denied Nov. 2, 1944.

Harris, Amsler, Stafford & Amsler and Sam H. Amsler, Jr., all of Waco, and Edgar Monteith, of Houston, for appellant.

Sam Holliday, of Houston (J. H. Burr, of Houston, of counsel), for appellees.

CODY, Justice.

This is a will contest case, involving two wills executed by Sarah May Nolsch, whose first husband died in 1937, and left her a cement block business. She will hereafter be referred to as testatrix.

One of the wills was executed by testatrix in July, 1938. In it she made E. E. Luke her residuary legatee. Luke had been reared in the home of testatrix's mother in Illinois along with testatrix; he was younger than testatrix. She had married and come to Houston, Texas, and later Luke also came to Houston. He made his home at testatrix's home. She treated him as, and introduced him to her friends as, her brother, though there was no blood relationship. This 1938 will was offered for probate in the county court of Harris County by appellee Westerfield and, over the contest of appellant, it was probated. The original copy of the 1938 will had been destroyed by the testatrix, at least physically, about March 14, 1940.

Before the probate court had ordered the will of 1938 probated it had refused to probate the other will, which testatrix executed on March 26, 1940, and which was offered for probate by appellant. Appellees contested the application of appellant to probate this will. The grounds of the contest were that testatrix lacked testamentary capacity at the time she executed such will, and executed it under the undue influence of appellant. In this connection it should be stated that testatrix first met appellant in December of 1939, and shortly thereafter she had employed him as a driver. She married him on September 19, 1940, which was, of course, some six months after she executed the March 26, 1940, will. She was 63 years old and he was 29 at the time of the marriage. She died early in January, 1941, from her final illness which began in October, 1940.

Appellant seasonably appealed from the orders of the probate court probating the 1938 will, and refusing to probate the March 26, 1940, will. The appeals were consolidated in the district court, and the consolidated case was tried to a jury. In response to special issues (and no contention is made that the pleadings did not amply support the submission of said issues), the jury found:

With respect to the March 26, 1940, will, that testatrix did not have testamentary capacity when she executed it. And that she was acting under the undue influence of appellant when she executed it.

With respect to the 1938 will, (a) that when she destroyed it, testatrix did not have sufficient mental ability to understand the business upon which she was engaged or the effect of her act in destroying the will, or the capacity to know the objects of her bounty, or their claims upon her, or the general nature of her property; and (b) that testatrix was caused to destroy the will because of the undue influence of appellant.

Before the case was submitted to the jury appellant had moved for an instructed verdict. After the verdict was returned, appellant moved for judgment notwithstanding the verdict. The court refused such motion and rendered judgment upon the verdict, probating the 1938 will, and refusing to probate the March 26, 1940, will as the last will of testatrix. Appellant here seeks to have that judgment reversed, and seeks to have judgment here rendered probating the March 26, 1940, will, as the last will of testatrix. And he predicates his appeal upon seven points. Each of these seven points purports to present error based upon the refusal of the trial court to grant appellant's motion for judgment notwithstanding the verdict.

The first point so presented by appellant reads: "A non-expert witness to an opinion on the mental soundness of a testator, should be required to testify to facts having direct relation to mental capacity, so that the witness may show that he is in a position to give an intelligent opinion." We do not regard the presentation of a mere abstract point of law as fatal, because mere errors of form in briefing could be corrected by re-briefing. Under his first point appellant reviews the testimony of

several witnesses who testified to years of acquaintance with testatrix, and as to their opportunities to observe her conduct, peculiarities, etc. They testified as to a great change that took place in testatrix between the last of December, 1939, and the first of March, 1940, giving many incidents and circumstances. And then, based thereupon, they gave their opinion as to testatrix's sanity from and after such change, which they severally testified to, until her death.

Now appellant does not urge that he objected to the introduction of these opinions into the evidence upon the ground that the respective witnesses were not shown to be properly qualified to express an opinion, or upon any other ground. Appellant does not state that he reserved any objections to such evidence, or presented objections to the admission of such opinions in evidence to the attention of the court in a motion for a new trial, and does not state that such motion presents assignments of error on the admission into evidence of such opinions. See Rule 320, Texas Rules of Civil Procedure, and Collins v. Smith, Tex.Sup., 175 S.W.2d 407. We understand, therefore, that appellant takes the position that these opinions of non-expert witnesses are, upon their face, incompetent evidence, and, as incompetent evidence, can lend no support to the jury's finding on mental capacity.

We overrule appellant's first point. The rule is that witnesses, whether experts or laymen, having first stated their observation or knowledge of the habits, conduct, expressions, peculiarities, disposition, temper or character of the person, in turn may give their opinions as to his sanity. Campbell v. Campbell, Tex.Civ.App., 215 S.W. 134, 138, writ refused. If a witness' opinion is not objected to upon the ground that he has not been shown competent to give an opinion, it cannot thereafter be contended that the evidence shows upon its face that it is incompetent because of want of competency in the witness to form an opinion. The weight to be given to opinion evidence upon the sanity of a person, which has been admitted into evidence without objection, is for the jury to determine. We do not mean to be understood as holding that an objection to such evidence upon the ground that the witnesses giving the opinions were not shown qualified, would have been good. That point is not before us.

Appellant's second point is: "A judgment based on the findings of the jury, in answering special issues, which answers are against the overwhelming weight of the evidence, is error, and should be reversed."

As pointed out above, several of appellees' witnesses gave opinions which support the jury's findings. The answers of the jury were supported by appellees' evidence. We overruled the second point.

Appellant's third point reads: "Where the answers of the jury to special issues submitted to them by the court are unsupported by any competent evidence, a judgment on such answers is error."

What has been heretofore said disposes of this point, and it is overruled.

Appellant's fourth point reads: "In a will contest the state of mind of the testator at the time of the execution of the will must be made the test of sanity, and the state of mind at other times can have no probative force, except as it may tend to show that state of mind of the testator at the time of the execution of the will."

Under the rule as it prevails in Texas, the proponent of a will has the burden of making out a prima facie case of the sanity of a testator at the time he executed the will; and there is no presumption, as there is in the case of the makers of deeds and contracts, that the maker of a will was sane at the time he executed it. Navarro v. Garcia, Tex.Civ.App., 172 S.W. 723, 724. The state of mind of the testator as to sanity at times other than when he executed the will has no probative force, except as it may tend to show the testator's state of mind at the time he executed the will. Id. Appellant made out a case from which the jury could have found that the testatrix was in fact sane when she executed the will of March 26, 1940. For two witnesses who saw her in connection with her execution of the will at an attorney's office gave it as their opinion that she was sane. And the same is true with respect to the issues on undue influence.

But the rule is well settled that it was not necessary for appellees to show that the overt acts of undue influence were exercised at the time of the execution of the will, but that it was sufficient to show that such influence had been exercised previously and operated at the time the will was executed. Rounds v. Coleman, Tex. Civ.App., 214 S.W. 496. And the opinions

of several of the witnesses introduced into evidence by appellees were sufficient to support the jury's answers to the issues on sanity.

Without holding that the evidence in support of the jury's answers to the issues was not sufficient to constitute a preponderance of the evidence thereon, we again call attention to the fact that the only error here presented, in different forms, was that the court erred in refusing appellant's motion for judgment, notwithstanding the verdict. The court's authority to grant a motion for judgment notwithstanding the verdict derives from Rule 301, Texas Rules of Civil Procedure, the source of which rule was Article 2211, now repealed by said rule. Under said article, now Rule 301, it was held that the court is authorized to grant a motion for judgment notwithstanding the verdict when "it should be made to appear, not that the evidence was insufficient to support the findings of the jury, but that the evidence was insufficient to raise the issue, or warrant their submission to the jury." Johnson v. Moody, Tex.Civ.App., 104 S.W.2d 583, 586; Gumm v. Chalmers et al., Tex.Civ.App., 127 S.W.2d 942, 943, affirmed as to this point on appeal to the Supreme Court, by the Commission of Appeals, in 137 Tex. 467, 154 S.W.2d 640. Certainly it cannot be said that the evidence given by appellees in support of the allegations of their pleadings, and in support of the special issues, was insufficient to warrant their submission to the jury. Therefore it cannot be said that the court erred in refusing to grant appellant's motion for judgment notwithstanding the verdict.

The remaining points presented by appellant but present in different forms the same matter ruled on above. It is unnecessary therefore to set them out. Said points are overruled.

The judgment of the court should be affirmed and it is so ordered.

Affirmed.

### On Motion for Rehearing.

Appellant complains of the holding in the original opinion that he predicates his appeal upon seven points based upon the refusal of the trial court to grant his motion for judgment notwithstanding the verdict. We find from the transcript that the points were also incorporated as assignments in his motion for a new trial. We

have considered appellant's motion for rehearing in the light of this correction, and adhere to our holding and overrule the motion.

Motion overruled.