Lon COMER, Appellant,

v.

C. V. PHILLIPS, Appellee.

No. 6983.

Court of Civil Appeals of Texas.
Amarillo.
Oct. 3, 1960.
Rehearing Denied Nov. 7, 1960.

Huff, Splawn & Bowers, Lubbock, for appellant.

Albert Smith, Lubbock, for appellee.

CHAPMAN, Justice.

This is an appeal by Lon Comer, plaintiff below, from a judgment in a common law negligence case rendered for C. V. Phillips, defendant below, "From the verdict of the jury and the record in this cause".

Appellee Phillips was found guilty of several grounds of negligence that were proximate causes of the collision in question, and the appellant Comer was found by the jury to have been driving at an excessive rate of speed under the circumstances and that such was a proximate cause of the collision. Upon such findings the Court rendered a take nothing judgment for both parties.

Negligence was not submitted as a separate issue in connection with the issues of contributory negligence just mentioned, viz., driving at an excessive rate of speed under the circumstances. The Court simply asked the jury in issues 6A and 6B if appellant "was driving at an excessive rate of speed under the conditions and circumstances existing on the occasion in question", and if they so found, was such action a proximate cause of the collision?

Appellant did not object to the Court's charge for failure to submit a separate question on negligence in connection with issues 6A and 6B, did not object to failure to define "excessive rate of speed under the conditions and circumstances existing on the occasion in question" and did not request a substantially correct definition.

In this state of the record if a separate issue on negligence was required, a question we do not find it necessary to pass on, we would have to presume that the trial court found the component element not submitted and affirm the judgment if there was evidence of probative value to support such finding. Rule 279, Vernon's Annotated Texas Rules of Civil Procedure; Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79, 85. The Supreme Court in the case just cited said:

"A defective submission of the essential elements of an issue not wholly

void, and not objected to, will be regarded as a sufficient submission of such issue. A fair and commendable practice would be for the trial court to submit substantially the essential component elements of an issue. As an illustration, we will take a negligence case. As a general rule, in such a case the four component elements of the ultimate issue must be shown: (1) that the defendant did an act, (2) that the act was an act of negligence, (3) that the act of negligence was the proximate cause of the plaintiff's damage, and (4) that the plaintiff was damaged. But if the trial court should fail to submit one or more of such component elements of an ultimate issue, such component element, or elements, not submitted and not requested to be submitted, are not waived, and the court may find the unsubmitted element, or elements, in such way as to support the judgment rendered by him, if there is evidence to support such finding."

■ The transcript reveals that appellant in a motion filed after the verdict was rendered, styled "Motion to Disregard Jury's Answers to Special Issues No. 6A and 6B", raised the question alternatively that such issues "should be disregarded because there is no finding of contributory negligence, which in the absence of the violation of a statute, is an absolute prerequisite to a finding of contributory negligence on the part of the plaintiff." Appellant did not file a motion for new trial but took a direct appeal from the court's refusal to grant his motion for judgment notwithstanding the verdict. Therefore, under the record before us, we do not have the question of the general insufficiency of the evidence to support the contributory negligence issues but only whether the evidence was insufficient to raise the issue, or warrant their submission to the jury, a "no evidence" point. Kutchinsky v. Zillion et al., Tex.Civ.App., 183 S.W.2d 237 Syl. 9 (writ refused W. M.).

It, therefore, becomes our duty to look to the record to see if there is evidence to sustain a finding by the Court of negligence of appellant.

■ On the occasion of the collision appellant was driving a 1953 Ford panel delivery truck closed in on the back and was traveling east on West 5th Street in the city of Plainview. There were cars parked at the intersection facing east in front of him waiting for the light to change and cars parked on the other side of the light facing west. Among the cars going west and in front of appellee was C. R. Stegall, a city policeman. The vehicles in front of appellant that started from the intersection were, according to Stegall, traveling at a rather low speed in taking off from the intersection; and no one seems to know what became of them. Stegall was first attracted to appellant's panel truck by tires squalling on the pavement. He did not know what happened to the cars in front of appellant going east that moved out slowly from the intersection. Appellant did not stop at the intersection because by the time he reached it the light had changed to green.

Appellee turned to his left across the center of the street in the block before reaching the intersection in order to drive into the Foodway parking lot, and appellant hit his truck over the right rear wheel. Beginning in the intersection appellant skidded his wheels 78 feet with all four wheels locked before he collided with appellee's automobile.

Appellee testified, with respect to turning across the street into the Foodway parking lot that, "We all do that here". Appellant was in the dry cleaning business making pickups and deliveries and had been for nearly 12 years. Officer Stegall testified that the traffic on the street before the collision was congested.

Though the jury found that appellant was not driving in excess of 30 miles an hour on the occasion in question, we believe the

jury was justified in concluding that appellant was driving at an excessive rate of speed under the conditions and circumstances. In any event we cannot say from the record that there was not any probative evidence upon which to submit the issue to the jury, and we would have to say there was sufficient evidence for the Court to make the finding of negligence on the part of appellant Comer in driving at an excessive rate of speed under the conditions and circumstances. We believe the inference could be drawn that because of the automobiles between appellant and appellee as the former was approaching the intersection he did not see appellee making the turn to the left in time to stop from the speed he was going and that having been driving on the street for nearly 12 years he knew it was the custom in Plainview for people to turn across to the left and into the Foodway parking lot.

In order to reverse and render, as contended by appellant, we would have to hold there is no evidence having probative force upon which the issues 6A and 6B could have been properly submitted and from which the Court could also have found the other essential component element, negligence, in such way as to support the judgment rendered by him. Burt v. Lochausen et al., 151 Tex. 289, 249 S.W.2d 194, 199. Under the state of this record we cannot so hold. The Supreme Court, in the case just quoted, held:

"It was the jury's province to weigh all of the evidence, to decide what credence should be given to the whole or to any part of the testimony of each witness. 'The jury were the judges not only of the facts proved, but of the inferences to be drawn therefrom, provided such inferences were not unreasonable.'"

We believe the facts found by the jury and the Court, and the inferences drawn therefrom were not unreasonable. Accordingly, the judgment is in all things affirmed.